# KAUFMAN | DOLOWICH

> Defendants' request is GRANTED in part. Defendants have until **March 21, 2024** to file the anticipated motion to dismiss. Plaintiffs' opposition papers are due **April 22, 2024**, and Defendants' replies must be filed by **May 1, 2024**. If Defendants do not file a motion to dismiss, their Answer is due on **March 21st**.
>
> **No further extensions will be granted absent extreme circumstances.**
>
> SO ORDERED.
>
> */s/ Jennifer E. Willis*
> Jennifer E. Willis
> United States Magistrate Judge
>
> March 1, 2024

**Patrick M. Kennell**
E: pkennell@kaufmandolowich.com
D: 646.599.9420

VIA ECF

The Honorable [Judge]
United States [District Court]
Southern District of New York
40 Foley Square, Room 2102
New York, New York 10007

Re:  **DEFENDANTS' LETTER MOTION FOR BRIEFING SCHEDULE, OR ALTERNATIVELY, EXTENSION OF TIME TO FILE MOTIONS TO DISMISS**

  *Brockmole, et al. v. EZ Festivals LLC, et al.*
  *Avchukov, et al. v. Avant Gardner, LLC, et al.*
  *Palie, et al. v. EZ Festivals LLC, et al.*
  *Ting, et al. v Avant Gardner LLC, et al.*

  Case No. 1:23-cv-08106-VM (Consolidated)

Dear Judge Garnett:

Our firm represents Defendants EZ Festivals LLC, Avant Gardner LLC, Made Event LLC and Jurgen Bildstein in the above four putative class action lawsuits, reassigned to Your Honor just today from District Judge Victor Marrero and previously consolidated by the Court's November 8, 2023 Order.[1]  In light of the procedural posture of this case, and pursuant to Rule I(B)(5) of Your Honor's Individual Rules & Practices, **we write to respectfully request a briefing schedule for our clients' impending motions to dismiss (set forth further below), or in the alternative, an extension of time to file those motions to and including March 21, 2024.**

Good cause exists to grant Defendants' request in this unusual circumstance.  Adhering to previously-assigned Judge Marrero's Individual Practices (Rule II.B), on February 15, 2024, our

---

[1]  The *Brockmole* amended complaint (ECF No. 18-1) purported to add 11 new Defendants to this action, namely: (1) CityFox, (2) Reynard Productions, (3) Phillip Wiederkehr, (4) AGDP Holding Inc., (5) Gardner Purchaser LLC, (6) Wiederkehr Associates, (7) Wiederkehr Real Estate AG, (8) Stewart Purchaser LLC, (9) WRE Parent US Holding Corp. Inc., (10) WRE Management LLC, and (11) WRE Holding AG.  It is unknown whether those new Defendants have been served, as it does not appear any requests have yet been filed for summonses to be issued to those new Defendants.

Case 1:23-cv-08106-MMG-JW   Document 40   Filed 03/01/24   Page 2 of 3

Hon. Margaret M. Garnett, U.S.D.J.
Re: *Brockmole, et al. v. EZ Festivals LLC, et al.* (1:23-cv-08106-VM)(Consolidated)
February 21, 2024
Page 2

clients timely sent to both sets of Plaintiffs' counsel letters summarizing the reasons and controlling authorities that Defendants contend warrant dismissal of numerous counts of their respective Complaints (effectively, all counts except for each pleading's breach of contract and N.Y. GBL §§ 349 and 350 claims). Under Judge Marrero's Individual Rules, Plaintiffs were to serve on our firm, by tomorrow (February 22, 2024), letters "indicating the extent, if any, to which plaintiff concurs with defendant's objections and the amendments, if any, to be made to the complaint to address them, or else stating the reasons and controlling authority that support the pleadings as filed."

However, seizing on the case reassignment to Your Honor earlier today, Plaintiffs' counsel on the *Avchukov* Consolidated Complaint (ECF No. 26) have taken the position that, because Your Honor's Individual Rules do not require pre-motion letters of any kind, the *Avchukov* Plaintiffs "do not have an obligation to respond to [Defendants'] letter."[2] We understand counsel for the *Brockmole* Plaintiffs agree that they are not obligated to respond to Defendants' February 15th pre-motion letter. Counsel for the *Avchukov* Plaintiffs further took the position, in an email earlier today, that Defendants "may be required to file a responsive pleading by today [February 21, 2024] or tomorrow [February 22, 2024] or otherwise [Defendants] may be in default." (**Ex. A**, at 6).

As we advised the *Avchukov* Plaintiffs' counsel in our initial email response, we respectfully disagree that today's reassignment obviates Plaintiffs' responsibility to respond to Defendants' pre-motion letters, a process already underway under Judge Marrero's Rules. We also disputed that the reassignment should result in an unfair litigation advantage to Plaintiffs by requiring Defendants to fully brief and file their motions to dismiss the same or next day, which would result in an unfair litigation advantage. After all, Defendants reasonably relied on the process under Judge Marrero's Rules and were expecting, this week, Plaintiffs' letter responses and indications of whether they would make further amendments to their pleadings to address Defendants' arguments, *i.e.*, the process set out in Judge Marrero's Rules.

We nevertheless offered to resolve this unusual situation by coming up with a briefing schedule to present to Your Honor, which is what we believe likely would have resulted from the process envisioned under Judge Marrero's Rules anyway. (**Ex. A**, at 5). As the Court can see from the email exchange, Jonathan Corbett, one of the *Avchukov* Plaintiffs' counsel, curtly refused to agree (and threatened to "once again"[3] oppose this request for a reasonable resolution and briefing schedule). (*Id.*, at 4). Our firm and the other Plaintiffs' counsel thereafter attempted to reach an

---

[2]    Attached to this Letter-Motion as **Exhibit A** is a true and correct copy the entire email exchange today between the *Avchukov* Plaintiffs' counsel and counsel for Defendants.

[3]    Mr. Corbett was referring the *Avchukov* Plaintiffs' previous opposition to Defendants' request for a first extension of time to respond to their Consolidated Complaint, which needlessly resulted in the matter having to be referred to Magistrate Judge Willis, who granted the extension request and reminded the *Avchukov* Plaintiffs' counsel that "professional courtesies between adversaries is generally essential to the expeditious and economical resolution of disputes." (*See*, ECF No. 34, at 2), quoting *Remer v. Sebelius*, No. 13-cv-7110-PAC-JLC, 2014 WL 1202989, at *1 (S.D.N.Y. Mar. 24, 2014) and citing *In re Coyne Elec. Contractors, Inc.*, 231 B.R. 204, 208 (S.D.N.Y. Bkrtcy. 1999).

agreed schedule to resolve this case, but the parties were unable to gain consensus and there was no response to our last compromise offer of a briefing schedule. (**Ex. A**, at 1-2). We are therefore constrained to involve the Court in resolving this scheduling matter.

**Defendants accordingly request the following briefing schedule for their motions to dismiss: Defendants' opening papers on or before <u>March 21, 2024</u>; Plaintiffs' opposition papers on or before <u>April 21, 2024</u>, and; Defendants' replies on or before <u>May 6. 2024</u>. Alternatively, Defendants respectfully request that their time to answer or otherwise respond to the *Avchukov* Consolidated Complaint and *Brockmole* Amended Complaint be extended to and including <u>March 21, 2024</u>.**

Mr. Corbett's suggestion that this case has been "dragg[ed] out," evidently by Defendants, is belied by the docket in this complex class action litigation involving, originally, four sets of putative class plaintiffs. While initial extensions were afforded on consent to Defendants while they sorted out appearances and dealt with the removal of one of the four cases (*Ting*) from New York state court to this Court, (*see*, ECF Nos. 14, 16; 23-cv-9694-VM at ECF No. 1), followed by the consolidation of these actions by Judge Marrero, (*see*, 23-cv-8422-VM at ECF No. 22), this case has also taken time—which Defendants consented to without any objection—while the putative class groups regrouped to see if they might filed a consolidated amended complaint or otherwise organize among themselves to streamline their pleadings. Indeed, <u>*on consent of Defendants*</u>, the *Avchukov*, *Palie*, and *Ting* Plaintiffs organized into one group and filed their Consolidated Complaint on December 26, 2023, (ECF Nos. 20, 26), while the Court granted the *Brockmole* plaintiffs' letter request for leave to file their separate Amended Complaint. (ECF No. 19). Under the parties' consent agreement, Defendants had 30 days (*i.e.*, by January 25, 2024) to answer or otherwise respond to the amended complaints. (ECF No. 20). Defendants made a first request for an extension of that response deadline by three weeks, to February 15, 2024, which the *Avchukov* and related Plaintiffs opposed but which the Court, by Magistrate Judge Willis's January 24th Order, granted. (ECF Nos. 28-34).

We respectfully suggest good cause exists to grant the briefing schedule, or in the alternative, the requested extension to file Defendants' motion to dismiss papers.

We appreciate the Court's consideration of this request.

Very truly yours,

KAUFMAN DOLOWICH LLP

/s/ Patrick M. Kennell
Patrick M. Kennell

cc: All Counsel of Record (*Via ECF*)