# **EXHIBIT 2**

# KAUFMAN DOLOWICH

Kaufman Dolowich LLP
40 Exchange Place, 20th Floor
New York, NY 10005
Telephone: 212.485.9600
Facsimile: 212.485.9700
www.kaufmandolowich.com

**Patrick M. Kennell**
E: pkennell@kaufmandolowich.com
D: 646.599.9420

February 15, 2024

**VIA EMAIL**

Shelly L. Friedland, Esq.
  sfriedland@triefandolk.com
Eyal Dror, Esq.
  edror@triefandolk.com
Trief & Olk
750 Third Avenue, Suite 2902
New York, New York 10017

Jacob Chen, Esq.
  jchen@dgwllp.com
Rita Y. Wang, Esq.
  rita@dgwllp.com
DGW Kramer, LLP
One Rockefeller Plaza, Suite 1060
New York, New York 10020

Jonathan Corbett, Esq.
  jon@corbettrights.com
Corbett Rights, P.C.
5551 Hollywood Blvd., Suite 1248 Los
Angeles, California 90028

Re:    **DEFENDANTS' MOTION TO DISMISS – PRE-MOTION LETTER**
*Avchukov, et al. v. Avant Gardner, LLC, et al.*
Case No. 1:23-cv-08106-VM (Consolidated)

Dear Jon, Shelly, Eyal, Jacob and Rita:

    On behalf of the Defendants, we write pursuant to Rule II.B of Judge Marrero's Individual Practices to summarize the reasons and controlling authorities that Defendants contend warrant dismissal of Counts 3, 5, 6, 7 and 8 of the Consolidated Class-Action Complaint (ECF No. 26) under Fed.R.Civ.P. 12(b)(6), such that if rectified could avoid the filing of the motion. Just as the companion *Brockmole* amended complaint, the *Avchukov* Consolidated Complaint attempts to turn this garden-variety breach of contract matter into something far more factually implausible and legally unsustainable.

    As an initial matter, Avant Gardner LLC is not a proper party to this action, because Avant Gardner does not "operat[e]," "manage," or "promote the Electric Zoo 2023 event," as alleged in the Complaint. As documentary evidence would easily refute, Avant Gardner is the operating entity of the Brooklyn Mirage venue and does not operate or promote the EZoo Festival.

    The Amended Complaint further fails to sufficiently allege individual liability on the part of Defendant Jurgen Bildstein. Under New York law, corporate officers and directors generally are not liable for the fraud, breach of contract, or other wrongdoing of the corporation unless they "personally participate in … or have actual knowledge of" the alleged wrongdoing. *Marine*

*Midland Bank v. Russo Produce Co.*, 50 N.Y.2d 31, 44 (N.Y. 1980). *See also*, *Cohen v. Koenig*, 25 F.3d 1168, 1173 (2d Cir. 1994). But here, the Complaint alleges in nothing more than conclusory fashion that Mr. Bildstein had personal involvement in or direction of certain complained of conduct. (Compl., at ¶¶ 46, 103-104). Those allegations fail to allege any *facts* to support the assertion that Mr. Bildstein "personally participate[d] in … or ha[d] actual knowledge of" any alleged wrongdoing. The Complaint, therefore, is woefully insufficient to support any cause against Mr. Bildstein and he should be dismissed from this action with prejudice.

In addition, all but three Counts (the breach of contract and N.Y. GBL §§ 349 and 350 claims) are subject to dismissal for at least the following reasons:

- *Count 3 (Unjust Enrichment)*: Under New York law, a plaintiff may not recover under quasi-contract claims such as unjust enrichment where an allegedly enforceable contract governs the same subject matter. *Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 175 (2d Cir. 2005) (citing *Clark-Fitzpatrick, Inc. v. Long Island R.R.*, 70 N.Y.2d 382, 388 (N.Y. 1987)). *See also*, *Goldemberg v. Johnson & Johnson Consumer Cos., Inc.*, 8 F.Supp.3d 467, 483 (S.D.N.Y. 2014) (unjust enrichment claim "not available where it simply duplicates, or replaces, a conventional contract or tort claim" (internal citations omitted)). The Complaint here does not allege some duty independent of the alleged contract—in fact, the "unjust enrichment" Count specifically alleges that it is pleaded "alternative to a breach of contract" and that it purportedly results from the Defendants "being paid consideration by Plaintiffs for services that were not rendered." (Compl., at ¶ 387). This claim, therefore, is wholly duplicative and must be dismissed.

- *Count 5 (Fraud)*: Plaintiffs' fraud claim is duplicative of the breach of contract claim and should be dismissed. "A fraud claim will not survive if it merely restates a claim for breach of contract." *Bridgestone v. Recovery Credit Services, Inc.*, 98 F.3d 13, 19-20 (2d. Cir. 1996). To maintain a fraud claim alongside a breach-of-contract claim, a plaintiff must: (1) "demonstrate a legal duty separate from the duty to perform under the contract"; (2) "demonstrate a fraudulent misrepresentation collateral or extraneous to the contract"; or (3) "seek special damages that are caused by the misrepresentation and unrecoverable as contract damages." *Id.* at 20. Count 5 does not allege any duty separate and apart from the alleged contract, and the claim alleges the same supposed misrepresentations that make up the breach of contract claim. (Compl., ¶ 401; *cf.*, Compl., at ¶¶ 380-381). This is a classic example of duplicative claim-making.

  Moreover, even if the fraud Count somehow alleged a non-duplicative claim, it fails because it is not pleaded with particularity, as required by Fed.R.Civ.P. 9(b).

- *Count 6 (Negligent Misrepresentation)*: For a cause of action premised on negligent misrepresentation, Plaintiffs must allege: "(1) the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff; (2) that the information was incorrect; and (3) reasonable reliance on the information." *Abu Dhabi Com. Bank v. Morgan Stanley & Co.*, 910 F. Supp. 2d 543,

Case 1:23-cv-08106-MMG-JW   Document 50-2   Filed 03/21/24   Page 4 of 5

Plaintiffs' Counsel in *Avchukov, et al. v. Avant Gardner, ELC, et al.*
Re: Defendants' Motion to Dismiss – Pre-Motion Letter
February 15, 2024
Page 3

---

546 (S.D.N.Y. 2012). To succeed on a negligent misrepresentation claim, there must be "a closer degree of trust between the parties than that of the ordinary buyer and seller in order to find reliance on such statements justified." *Dallas Aerospace, Inc. v. CIS Air Corp.*, 352 F.3d 775, 788 (2d Cir. 2003). Further, "the vast majority of arms-length commercial transactions, which are comprised of 'casual statements and contacts,' will not give rise to negligent misrepresentation claims." *Izquierdo v. Mondelez Int'l, Inc.*, No. 16-cv-04697-CM, 2016 WL 6459832, at *8 (S.D.N.Y. Oct. 26, 2016). The Complaint here alleges that "Defendants were uniquely and solely positioned to provide accurate information concerning … the Electric Zoo festival …" (Compl., at ¶ 408). But neither that allegation nor anything else in the Complaint sufficiently alleges the required "special or privity-like relationship," and

- **_Count 7 (Good Faith & Fair Dealing)_**: "New York law does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when it is based on the same facts as the breach of contract claim" and in order to succeed, a plaintiffs must show "legal duty separate and apart from contractual duties." *Washington v. Kellwood Company*, No. 05-cv-10034-DAB, 2009 WL 855652, at *6 (S.D.N.Y. Mar. 24, 2009). Here, nothing in the Complaint or Plaintiffs' four-paragraph Count alleges a separate legal duty apart from the alleged ticket contracts, but rather, the allegations of this claim are specifically premised on the same facts as the breach of contract claim, including the alleged "benefits of the bargain." (*See*, *e.g.*, Compl., at ¶ 413). Count 7 therefore fails and must be dismissed.

- **_Count 8 (Promissory Estoppel)_**: Plaintiffs' "promissory estoppel" claim is duplicative of the purported breach of contract claim. "[T]o the extent that the plaintiff's claim for promissory estoppel is based on promises that are consistent with the undertakings contained in the contract, the claim is that the defendants did not perform their obligations under the contract and therefore the [promissory estoppel] claim should be dismissed as duplicative of the breach of contract claim." *Four Finger Art Factory, Inc. v. Dinicola*, No. 99-cv-1259, 2000 WL 145466, at *8 (S.D.N.Y. Feb. 9, 2000). The Complaint here alleges, in mirror fashion to the breach of contract claim, that "Defendants made representations to Plaintiffs and class members that the festival was going to be a three-day event with such representations being made, and reinforced, up to and until Friday, September 1, 2023." (Compl., at ¶ 417). Count 8, accordingly, should be dismissed.

We look forward to your response.

Respectfully yours,

KAUFMAN DOLOWICH LLP
/s/ Patrick M. Kennell
Patrick M. Kennell

Plaintiffs' Counsel in *Avenakov, et al. v. Avant Gardner, ELC, et al.*
Re: Defendants' Motion to Dismiss – Pre-Motion Letter
February 15, 2024
Page 4

_____

cc:  (*Via Email*)

The Hon. Victor Marrero, U.S.D.J.
  ChambersNYSDMarrero@nysd.uscourts.gov
United States District Court
Southern District of New York
United States Courthouse
500 Pearl St, Suite 1610
New York, New York 10007

Lee Squitieri, Esq.
  lee@sfclasslaw.com
Squitieri & Fearon, LLP
*Attorneys for Brockmole, et al. Plaintiffs*

Fletcher Moore, Esq.
  fmoore@moorekuehn.com
Moore Keuhn, PLLC
*Attorneys for Brockmole, et al. Plaintiffs*