IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

ALEXANDRA AVCHUKOV, QUENTIN CHAPPAT, SANDRA MAESTRA PEREIRA, KRIS IYER, ANTHONY PALIE, DAKOTA BEDELL, CARL CORBO, ANNABEL GOULD, DOLORES THOMPSON, BRIDGETTE WINKELMANN, BILLY TING, DUOC VO, GARRY HUANG, JEFFREY HANG, JOSHUA CHIN, and WILLY NGO, on behalf of themselves and all others similarly situated,

Plaintiffs,

- against -

AVANT GARDNER, LLC, AGDP HOLDINGS, INC., EZ FESTIVALS, LLC, MADE EVENT, LLC and JURGEN BILDSTEIN,

Defendants.

Civil Action No. 1:23-cv-08106-MMG

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO STRIKE, OR IN THE ALTERNATIVE, TO DISMISS CERTAIN DEFENDANTS AND COUNTS OF THE AVCHUKOV AMENDED COMPLAINT**

Respectfully submitted,

KAUFMAN DOLOWICH, LLP
40 Exchange Place – 20th Floor
New York, New York 10005
Phone: (212) 485-9600

By: Patrick M. Kennell
pkennell@kaufmandolowich.com
Kathleen A. Mullins
kathleen.mullins@kaufmandolowich.com
*Attorneys for Defendants*
AVANT GARDNER, LLC, AGDP HOLDINGS EZ FESTIVALS, LLC, MADE EVENT, LLC and JURGEN BILDSTEIN

Dated: June 7, 2024

# TABLE OF CONTENTS

TABLE OF CONTENTS ..................... i

TABLE OF AUTHORITIES ..................... ii

PRELIMINARY STATEMENT ..................... 1

REPLY ARGUMENTS ..................... 2

I. THE AVCHUKOV / PALIE / TING PLAINTIFFS ALREADY AMENDED THEIR PLEADING AS OF RIGHT, SO THE COURT SHOULD STRIKE THE FURTHER AMENDED COMPLAINT FOR FAILING TO SEEK REQUIRED CONSENT OR LEAVE ..................... 2

II. WHILE THE COURT SHOULD STRIKE THE ACCAC, IT NEVERTHELESS FAILS TO STATE PLAUSIBLE CLAIMS AGAINST CERTAIN DEFENDANTS AND FOR CERTAIN COUNTS ..................... 5

A. Plaintiffs' Opposition Fails to Identify Any Plausible Claims Against Avant Gardner, AGDP, or Mr. Bildstein ..................... 5

B. The "Negligent Misrepresentation" Claim (Count 6) Fails on Both a "Special or Privity-Like Relationship" Theory And on a "Unique or Specialized Expertise" Theory ..................... 7

C. Plaintiffs' Unjust Enrichment (Count 3), Fraud (Count 5), Good Faith and Fair Dealing (Count 7), and Promissory Estoppel (Count 8) Claims Must Be Dismissed as Duplicative of the Breach of Contract Claim ..................... 8

CONCLUSION ..................... 10

# TABLE OF AUTHORITIES

## CASES

*Barrows v. Forest Laboratories, Inc.*
742 F.2d 54 (2d Cir. 1984) .... 5

*Bell Atlantic Corp. v. Twombly*
550 U.S. 544, 127 S. Ct. 1955, 167 L.E.2d 929 (2007) .... 5

*BlackRock Allocation Target Shares: Series S. Portfolio v. Wells Fargo Bank*
247 F.Supp.3d 377 (S.D.N.Y. 2017) .... 9

*Bourbia v. S.C. Johnson & Son, Inc.*
375 F. Supp. 3d 454, 466 (S.D.N.Y. 2019) .... 9

*Cohen v. Koenig*
25 F.3d 1168, 1173 (2d Cir. 1994) .... 6

*Dart Brokerage Corp. v. Am. Com. Ins. Co.*
No. 13-cv-04015-LGS, 2013 WL 5966901 (S.D.N.Y. Nov. 7, 2013) .... 10

*Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*
375 F.3d 168 (2d Cir. 2004) .... 8

*Foman v. Davis*
371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) .... 4

*Hydro Investors, Inc. v. Trafalgar Power Inc.*
227 F.3d 8 (2d Cir. 2000) .... 8

*Jordan v. Verizon Corp.*
No. 08-cv-6414-GEL, 2008 WL 5209989 (S.D.N.Y. Dec. 10, 2008) .... 10

*Marine Midland Bank v. Russo Produce Co.*
50 N.Y.2d 31 (N.Y. 1980) .... 6

*Matter of Morris v. New York State Dept. of Taxation & Fin.*
82 N.Y.2d 135 (N.Y. 1993) .... 6

*Millennium Partners, L.P. v. U.S. Bank Nat'l Ass'n*, No. 12-cv-7581-HB, 2013 WL 1655990
(S.D.N.Y. Apr. 17, 2013) .... 9

*Nelson v. MillerCoors, LLC*
246 F. Supp. 3d 666 (E.D.N.Y. 2017) .... 9

*Royal Park Invs. SA/NV v. Bank of N.Y. Mellon*
No. 14-cv-6502-GHW, 2016 WL 899320 (S.D.N.Y. Mar. 2, 2016) .......... 9

**RULES**

Fed.R.Civ.P. 15(a)(1) .......... 2

Fed.R.Civ.P. 15(a)(2) .......... 3

**PRELIMINARY STATEMENT**

In their Opposition to Defendants' motion to strike, or alternatively, to dismiss the Amended Consolidated Class Action Complaint (ACCAC), the Avchukov / Palie / Ting Plaintiffs' primary excuse for failing to comply with this Court's scheduling Order on the original motion to dismiss—an Order they bizarrely characterize as "terse"—is that Rule 15(a) permits them to amend as of right and nothing in the subsequently-assigned District Judge's Individual Rule & Practices prohibited their further pleading gambit. The problem with Plaintiffs' argument, however, is that Rule 15(a) permits ***one*** amendment as of right, which these Plaintiffs already exhausted when they banded together and amended their original complaints by way of the Consolidated Class Action Complaint (CCAC) in December 2023. These Plaintiffs also ignore the Individual Rules of the District Judge assigned at the time of the original dismissal motion procedure, picking and choosing which rules they wish to follow, in a blatant and intolerable attempt to take advantage of judicial change as a way to compensate for their failure to timely file their amended pleading. And no matter how much the Avchukov / Palie / Ting Plaintiffs try to ignore or minimize it, Magistrate Judge Willis, who was specifically designated to oversee scheduling of Defendants' dismissal motions, issued a clear and direct Order that did not afford for further amendment. These Plaintiffs' proffered excuses fail, and the Court should grant this motion and strike the ACCAC.

While the ACCAC should be stricken and the CCAC should be considered the operative pleading, the ACCAC suffers from largely the same maladies as the CCAC (which failures were briefed at length in Defendants' unopposed motion to dismiss the CCAC). The Avchukov / Palie / Ting Plaintiffs' Opposition briefing fails to overcome the ACCAC's pleading deficiencies and implausible claims.

## REPLY ARGUMENTS

The ACCAC—not these Plaintiffs' first as-of-right amended pleading—was impermissibly filed without the consent of Defendants or leave of the Court, and it therefore should be stricken. These Plaintiffs' bold excuses, set forth in their Opposition, (*see*, ECF No. 80), collapse on close scrutiny of the Rules and history of this case. This Court should revert to the Avchukov / Palie / Ting Plaintiffs' CCAC, deem Defendants' earlier motion to dismiss fully submitted (since these Plaintiffs admittedly failed to oppose that motion), and rule on it.

Alternatively, if the Court permits these Plaintiffs' improperly filed ACCAC, Defendants Avant Gardner, LLC, AGDP Holdings, Inc.[1] and Jurgen Bildstein should be dismissed, as should Counts 3, 5, 6, 7 and 8.

### I. THE AVCHUKOV / PALIE / TING PLAINTIFFS ALREADY AMENDED THEIR PLEADING AS OF RIGHT, SO THE COURT SHOULD STRIKE THE FURTHER AMENDED COMPLAINT FOR FAILING TO SEEK REQUIRED CONSENT OR LEAVE

Plaintiffs' Opposition suggests that their filing of the ACCAC was "timely" under Rule 15(a), and in true gaslighting fashion, that the belated filing is somehow allowed because, despite Magistrate Judge Willis's clear scheduling Order that did not permit for further amendments, *Defendants* did not petition the Court to follow Judge Marrero's Individual Rules. (Opp., at 7-10). Plaintiffs' logical gymnastics fail.

First, Rule 15(a)(1) provides that "[a] party may amend its pleading ***once*** as a matter of course no later than …," as relevant here, 21 days after a defendant files a Rule 12(b) motion. *See*, Fed.R.Civ.P. 15(a)(1) (emphasis added). What the Avchukov / Palie / Ting Plaintiffs seem to be

[1] AGDP Holdings was added as a purported Defendant by the ACCAC. On May 21, 2024, AGDP joined the other Defendants in this motion to strike or dismiss. (ECF No. 84).

conveniently forgetting is that they already amended their pleading "once" when they filed their CCAC on December 26, 2023—which interestingly enough, Plaintiffs remembered to request leave of Court to file in the first place. (ECF Nos. 20, 26).[2] So, the only way they could "timely" file a further amended pleading under the Federal Rules would be to request Defendants' consent or leave of this Court, under Fed.R.Civ.P. 15(a)(2), neither of which these Plaintiffs did.

Second, the Avchukov / Palie / Ting Plaintiffs' ACCAC was filed in direct contravention of this Court's scheduling Order for Defendants' dismissal motion. After this case was reassigned from District Judge Marrero to District Judge Garnett, Magistrate Judge Willis—who specifically was assigned to handle, *inter alia*, a scheduling dispute about Defendants' anticipated motion to dismiss and Plaintiffs' position that they no longer had to comply with Judge Marrero's pre-motion procedures (*see*, ECF Nos. 35, 36, and 39)—issued a March 1, 2024 scheduling Order that provided, in relevant part: "Defendants have until **March 21, 2024** to file the anticipated motion to dismiss. Plaintiffs' opposition papers are due **April 22, 2024**, and Defendants' replies must be filed by **May 1, 2024**. If Defendants do not file a motion to dismiss, their Answer is due on **March 21st**. **No further extensions will be granted absent extreme circumstances.**" (ECF No. 40) (emphasis in original). While Plaintiffs' Opposition strangely characterizes this Order as "terse," (Opp., at 8), the Order was crystal clear—motion to dismiss briefing was to proceed and there would be no further extensions. *Nothing* in the Order called for further possible amendments of the pleadings (because, ironically, Plaintiffs had been complaining about delays in the case).

---

2 In the case of the Ting Plaintiffs, the CCAC was their *second* amendment to their pleading. The Ting Plaintiffs used their once-as-of-right amendment when they filed their "Class Action Amended Complaint" on November 15, 2023. (*See*, 1:23-cv-09694-VM, now closed, at ECF No. 7).

The Avchukov / Palie / Ting Plaintiffs argue they were not wrong to subvert Magistrate Judge Willis's Order because District Judge Garnett's Individual Rules & Practices, at Rule B.6, allows for a party to "amend the complaint within 21 days" in response to a motion to dismiss. (Opp., at 7). These Plaintiffs of course cite no authority for their notion that an Order of the Court, such as Magistrate Judge Willis's March 1st Order, is somehow trumped or to be ignored in favor of a Judge's individual rules. And these Plaintiffs' position ignores District Judge Garnett's own Order, contained in the February 24, 2024 Notice of Reassignment from District Judge Marrero, which expressly provided, "Unless and until the Court orders otherwise, ***all prior orders, dates, and deadlines shall remain in effect notwithstanding the case's reassignment***, including the prior referral to Magistrate Judge Willis." (ECF No. 39) (emphasis added). In other words, the pre-motion letter process already underway at that point under Judge Marrero's Rules should have been followed, but certainly, absent any intervening Court order (of which there was none), District Judge Garnett expressly ordered that the directives from Magistrate Judge Willis—like Her Honor's later March 1st Order—were to be followed. It is inconceivable how Plaintiffs can argue now with a straight face that the Orders of this Court matter not, because they instead chose to cherry-pick an Individual Rule that they perceived as giving them a better litigation advantage.

As to these Plaintiffs' argument that the ACCAC should not be stricken because the Defendants have not established that they were prejudiced by the amendment, prejudice is not the *only* factor that the Court may consider when determining, in its discretion, the permissibility of an amendment under Fed.R.Civ.P. 15(a). Specifically, in addition to prejudice, the Court may consider if there has been "undue delay." *See*, *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Indeed, the Second Circuit has recognized that "considerations of undue delay, bad faith, and prejudice to the opposing party [are] all touchstones of a district court's

***discretionary authority*** to deny leave to amend." *Barrows v. Forest Laboratories, Inc.*, 742 F.2d 54, 58 (2d Cir. 1984) (emphasis added). As discussed at length in Defendants' initial moving papers, there was certainly undue delay by the Avchukov / Palie / Ting Plaintiffs in their filing of the ACCAC—particularly as they gamed and gambled following the judicial reassignment earlier this year. As such, Defendants request that the ACCAC be stricken and that the Court deem the CCAC as the Avchukov Plaintiffs' operative pleading.

## II. WHILE THE COURT SHOULD STRIKE THE ACCAC, IT NEVERTHELESS FAILS TO STATE PLAUSIBLE CLAIMS AGAINST CERTAIN DEFENDANTS AND FOR CERTAIN COUNTS

Even if the Court entertains the ACCAC instead of the CCAC, which the Court should not, dismissal of certain Defendants and certain Counts of the ACCAC is warranted, because the purported pleading and Plaintiffs' arguments in Opposition fail to assert non-conclusory facts sufficient "to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true," *accord*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955, 167 L.E.2d 929 (2007), as to Defendants Avant Gardner, AGDP and Mr. Bildstein, and as to Counts 3, 5, 6, 7, and 8.

### A. Plaintiffs' Opposition Fails to Identify Any Plausible Claims Against Avant Gardner, AGDP, or Mr. Bildstein

The Avchukov Plaintiffs' Opposition maintains that Avant Gardner has "direct" and "alter-ego" liability and argues that the ACCAC establishes that Avant Gardner had "pervasive involvement" in the promotion and operation of the EZoo Festival, and that it was an "alter-ego" of the other corporate defendants, and that they all "functionally managed the Festival as a single entity." (Opp., at 11-17). But their Opposition does not address that integral documents—*i.e.*, the organizational documents for Defendant EZ Festivals, the actual owner and operator of the EZoo

Festival—plainly refute the "direct" control and "alter ego" assertions and demonstrate that Avant Gardner is not an owner or responsible party of the Festival. (*See*, ECF No. 66-1, Kennell Decl., Ex. 1, at 1, 6). Plaintiffs' contention that Avant Gardner "intermingled" its corporate identity and intellectual property, and that it used its social media to promote the Festival, are insufficient to support the conclusory allegation that Avant Gardner "owned" or "operated" the 2023 EZoo Festival.

The ACCAC's allegations also do not support an argument for piercing the corporate veil and do not plausibly establish grounds for liability under the "alter-ego" theory. Specifically, the ACCAC has not set forth factual details to support that Avant Gardner "exercised complete domination" over EZ Festivals. *See*, *Matter of Morris v. New York State Dept. of Taxation & Fin.*, 82 N.Y.2d 135, 141 (N.Y. 1993) ("To pierce the corporate veil, plaintiff must show that '(1) the owners exercised complete domination of the corporation in respect of the transaction attacked; and (2) such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury.'"). Thus, there can be no claims against Avant Gardner or AGDP (Avant Gardner's parent / holding company) for alleged wrongdoing involving the 2023 EZoo Festival, and therefore, Avant Gardner and AGDP should be dismissed.

In addition, the ACCAC's allegations against Mr. Bildstein are based entirely on conclusory assertions. The ACCAC does not allege factual details that Mr. Bildstein "personally participate[d] in … or [had] actual knowledge of" the alleged wrongdoing. *Marine Midland Bank v. Russo Produce Co.*, 50 N.Y.2d 31, 44 (N.Y. 1980); see also, *Cohen v. Koenig*, 25 F.3d 1168 (2d Cir. 1994). Plaintiffs' Opposition purports to argue that the ACCAC "clearly establish[es]" that Mr. Bildstein was the "primary architect" of and an "active participant" in Defendants' operation of the 2023 EZoo Festival. (Opp., at 17). To support this argument, the Opposition cites to the

allegations that he controlled all of the Defendants, that he "was responsible for operations of the Festival," that he "personally directed" the overselling of tickets and fraudulent statements, and that he posted on social media that he was onsite during the construction of the Festival venue and regarding the cancellation of Day 1 of the Festival. But again, as argued in Defendants' initial moving papers, these allegations show nothing more than an executive doing his job and are insufficient to plead a plausible cause of action against Mr. Bildstein that he somehow "personally participate[d]" or "had actual knowledge" of the alleged wrongdoing. Under Plaintiffs' theory, every executive involved in conducting their company's business would be subject to direct lawsuits, which is contrary to New York law. Accordingly, the claims against him fail.

### B. <u>The "Negligent Misrepresentation" Claim (Count 6) Fails on Both a "Special or Privity-Like Relationship" Theory And on a "Unique or Specialized Expertise" Theory</u>

As set forth in Defendants' opening motion papers, the ACCAC's claim for negligent misrepresentation (Count 6) fails because it does not assert the required "special or privity-like relationship." The Avchukov / Palie / Ting Plaintiffs' Opposition seems to concede that there was no "special or privity-like" relationship between the Defendants and these Plaintiffs, but Plaintiffs' Opposition takes the position that the claim survives because the ACCAC sufficiently alleges the Defendants had "unique or specialized expertise" with respect to the musical acts, schedule, facilities, and conditions at the EZoo Festival. (Opp., at 18-19). While Plaintiffs new-found position of a "unique or specialized expertise" is one potential path towards establishing a negligent misrepresentation claim, the ACCAC still fails to allege facts to support that theory. And perhaps more importantly, even if the Defendants did have "unique or specialized expertise," the "alleged misrepresentation must be factual and not 'promissory or related to future events.'" *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 187 (2d Cir.

2004), citing *Hydro Investors, Inc. v. Trafalgar Power Inc.*, 227 F.3d 8, 20 (2d Cir. 2000). The alleged misrepresentations of the Defendants as detailed in the ACCAC consist of statements that the Defendants purportedly made in the days and weeks leading up to the 2023 EZoo Festival, including with respect to "the musical acts, the schedule, the facilities, and conditions" which were anticipated to be provided during the Festival. The alleged misrepresentations thus were "promissory representations about future events," *i.e.*, the EZoo Festival, which are *insufficient* to support a claim for negligent misrepresentation. *Eternity,* 375 F.3d at 188. As such, Count 6 for negligent misrepresentation fails.

**C. Plaintiffs' Unjust Enrichment (Count 3), Fraud (Count 5), Good Faith and Fair Dealing (Count 7), and Promissory Estoppel (Count 8) Claims Must Be Dismissed as Duplicative of the Breach of Contract Claim**

As detailed in Defendants' opening briefing, the ACCAC's claims for unjust enrichment (Count 3), fraud (Count 5), breach of the covenant of good faith and fair dealing (Count 7) and promissory estoppel (Count 8) are all duplicative of the claim for breach of contract (Count 2), and thus subject to dismiss, because all those claims arise out of the same alleged duty and breach of duty as the contract claim. To attempt to distinguish Counts 3, 5, 7 and 8 as breach of contract by another name, Plaintiffs' Opposition chiefly contends they are permitted to allege alternative causes of action at the pleading stage and that there is a difference between "pleading different theories and recovering under different theories." (Opp., at 20). Not so, as federal and state courts in New York *routinely* dismiss duplicative causes of action like those in this overpleaded ACCAC.

That is, despite Plaintiff's arguments to the contrary, Courts have indeed dismissed tort claims as duplicative at the pleading stage. For example, this Court granted defendants' motion to dismiss which sought dismissal of the plaintiffs' general negligence claim at the pleading stage.

*BlackRock Allocation Target Shares: Series S. Portfolio v. Wells Fargo Bank*, 247 F.Supp.3d 377, 394 (S.D.N.Y. 2017). In doing so, the Court noted that "[a] tort claim cannot be sustained if it doe[s] no more than assert violations of a duty which is identical to and indivisible from the contract obligations which have allegedly been breached." *Id*., citing *Millennium Partners, L.P. v. U.S. Bank Nat'l Ass'n*, No. 12-cv-7581-HB, 2013 WL 1655990, at *4 (S.D.N.Y. Apr. 17, 2013) (internal quotations omitted). The Court determined that because the "sole basis of Plaintiffs' general negligence claim is Defendant's alleged breach of contractual obligations… the claim is precluded as duplicative." *BlackRock Allocation*, 247 F.Supp.3d at 395, citing *Royal Park Invs. SA/NV v. Bank of N.Y. Mellon*, No. 14-cv-6502-GHW, 2016 WL 899320, at *7 (S.D.N.Y. Mar. 2, 2016).[3]

And with respect to alternative tort claims, courts have recognized that while plaintiffs are permitted to plead tort claims in the alternative, they are required to plead *how* the tort is different from their other causes of action in order to survive dismissal at the pleading stage. *See, e.g.*, *Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666, 679 (E.D.N.Y. 2017) (holding that while "[i]t is certainly true, as Plaintiff argues, that he may plead unjust enrichment in the alternative to his other claims[,] ... it is equally true that, even pleaded in the alternative, claims for unjust enrichment will not survive a motion to dismiss where plaintiffs fail to explain how their unjust enrichment claim is not merely duplicative of their other causes of action"); *Bourbia v. S.C. Johnson & Son, Inc.*, 375 F. Supp. 3d 454, 466 (S.D.N.Y. 2019) ("In New York, a plaintiff may plead unjust

---

[3] These Plaintiffs claim their fraud claim is distinguishable from the breach of contract claim under the "special damages" exception because these Plaintiffs' fraud seeks punitive damages. (Opp., at 24-25). Special damages and punitive damages ***are not the same thing***, however. Punitive damages are meant to punish certain conduct, while "[s]pecial damages are specific monetary consequential damages, or 'out-of-pocket pecuniary losses as a result of reliance on the alleged misrepresentation.'" *IOP Cast Iron Holdings, LLC v. J.H. Whitney Cap. Partners, LLC*, 91 F.Supp.3d 456, 479 (S.D.N.Y. 2015).

enrichment in the alternative, but where an unjust enrichment claim is duplicative of other causes of action, it should be dismissed."); *Dart Brokerage Corp. v. Am. Com. Ins. Co.*, No. 13-cv-04015-LGS, 2013 WL 5966901, at *2 (S.D.N.Y. Nov. 7, 2013) ("The existence of a valid and enforceable contract governing a particular subject matter ordinarily precludes recovery in quasi-contract for events arising out of the same subject matter."), and; *Jordan v. Verizon Corp.*, No. 08-cv-6414-GEL, 2008 WL 5209989, at *7 (S.D.N.Y. Dec. 10, 2008) (dismissing claim for breach of implied covenant of good faith and fair dealing as duplicative of breach of contract claim at the pleading stage without permitting leave to replead, noting that "raising both claims in a single complaint is redundant, and courts confronted with such complaints under New York law regularly dismiss any freestanding claim for breach of the covenant of fair dealing.").

As discussed in Defendants' underlying motion papers, the factual allegations that the Avchukov / Palie/ Ting Plaintiffs assert in support of their unjust enrichment, fraud, promissory estoppel, and good faith and fair dealing claims are the same as those offered on their breach of contract claim. Accordingly, the ACCAC fails to distinguish Counts 3, 6, 7, and 8 from Count 2, and therefore, Counts 3, 6, 7, and 8 should be dismissed with prejudice.

**CONCLUSION**

For all the foregoing reasons, Defendants respectfully request that this Court grant their motion to strike the ACCAC, or in the alternative, to dismiss all claims against Defendants Avant Gardner, AGDP and Mr. Bildstein, as well as Counts 3, 6, 7, and 8 with prejudice.

Dated: June 7, 2024
New York, New York

Respectfully submitted,

KAUFMAN DOLOWICH, LLP

By: */s/ Patrick M. Kennell*

Patrick M. Kennell
pkennell@kaufmandolowich.com
Kathleen A. Mullins
kathleen.mullins@kaufmandolowich.com
40 Exchange Place – 20th Floor
New York, New York 10005
Tel: (212) 485-9600

*Attorneys for Defendants*
AVANT GARDNER, LLC, AGDP HOLDINGS EZ FESTIVALS, LLC, MADE EVENT, LLC and JURGEN BILDSTEIN