```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF NEW YORK

In re:                            :
                                        Docket #23cv8106
 BROCKMOLE, et al.,               :

                  Plaintiffs,     :

   - against -                    :

 EZ FESTIVALS LLC, et al.,        : New York, New York
                                    May 29, 2024
                  Defendants.      :

------------------------------------ :


                     PROCEEDINGS BEFORE
               THE HONORABLE JENNIFER E. WILLIS,
                 UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For Brockmole Plaintiffs:    MOORE LAW, PLLC
                             BY:  FLETCHER MOORE, ESQ.
                             30 Wall Street, 8th Floor
                             New York, New York 10005

                             SQUITIERI & FEARON, LLP
                             305 Broadway, 7th Floor
                             New York, New York 10007

For Avchukov Plaintiffs:     CORBETT RIGHTS, P.C.
                             BY:  JONATHAN CORBETT, ESQ.
                             5551 Hollywood Boulevard
                             Suite 1248
                             Los Angeles, California 90028




Transcription Service:  Carole Ludwig, Transcription Services
                        155 East Fourth Street #3C
                        New York, New York 10009
                        Email:  Transcription420@aol.com

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service.
```

APPEARANCES CONTINUED:

For Palie Plaintiffs:          PARK & JENSEN LLP
                               BY:  EYAL DROR, ESQ.
                               369 Lexington Avenue
                               New York, New York 10017


                               PARKER POHL LLP
                               BY:  SHELLY FRIEDLAND, ESQ.
                               99 Park Avenue, Suite 1510
                               New York, New York 1001

For Ting Plaintiffs:           DGW KRAMER LLP
                               BY:  JACOB CHEN, ESQ.
                               45 Rockefeller Plaza, 20th Floor
                               New York, New York 10111


For Defendants EZ Festivals    KAUFMAN DOLOWICH LLP
and Avant Gardner:             BY:  PATRICK KENNELL, ESQ.
                                    KATHLEEN MULLINS, ESQ.
                               40 Exchange Place, 20th Floor
                               New York, New York 10005


For Defendants WRE Parent      WILSON ELSER MOSKOWITZ EDELMAN &
U.S. Holdings and WRE             DICKER LLP
Management:                    BY:  RICHARD BOONE, JR., ESQ.
                               150 East 42nd Street
                               New York, New York 10017

3

## <u>INDEX</u>

### **E X A M I N A T I O N S**

| **Witness** | **Direct** | **Cross** | **Re-Direct** | **Re-Cross** |
|---|---|---|---|---|
| None | | | | |

### **E X H I B I T S**

| **Exhibit Number** | **Description** | **ID** | **In** | **Voir Dire** |
|---|---|---|---|---|
| None | | | | |

```
 1                         PROCEEDING                    4
 2             THE COURT:  Good afternoon, everyone.  It is
 3   Judge Willis.  We are here in 23cv8106, Brockmole, et
 4   al. v. EZ Festivals, LLC, et al.  Why don't we – I will
 5   sort of call out who should do their appearance first
 6   and then second and so on so there's no confusion.  So
 7   why don't we start first with counsel for the Brockmole
 8   plaintiffs.
 9             MR. FLETCHER MOORE:  Good afternoon, Fletcher
10   Moore for the Brockmole plaintiffs, for Moore Law and
11   Squitieri & Fearon.
12             THE COURT:  Good afternoon, sir.  And then
13   counsel for the, I'm sure I am not saying this correct,
14   Avchukov plaintiffs.
15             MR. JONATHAN CORBETT:  Good afternoon, Your
16   Honor, Jonathan Corbett.  Yeah, that's as good as I can
17   pronounce it too.
18             THE COURT:  All right, good afternoon, sir.
19   And for the Palie plaintiffs.
20             MR. EYAL DROR:  Good afternoon, Your Honor,
21   this is Eyal Dror and also on the call is Shelly
22   Friedland.
23             THE COURT:  Good afternoon.  And for the Ting
24   plaintiffs.
25             MR. JACOB CHEN:  Good afternoon, Your Honor,
```

```
 1                          PROCEEDING                    5
 2   this is Jacob Chen for the Ting plaintiffs.
 3              THE COURT:  Good afternoon.  And then for
 4   defense, if counsel for EZ Festivals and Avant Gardner
 5   could please state your name for the record.
 6              MR. PATRICK KENNELL:  Good afternoon, Your
 7   Honor, my name is Patrick Kennell and with me is my
 8   colleague Kathleen Mullins.
 9              THE COURT:  Good afternoon.  For WRE
10   Management.
11              MR. RICHARD BOONE:  Good afternoon, Your Honor,
12   this is Richard Boone from Wilson Elser for WRE Parent
13   U.S. Holding Company and WRE Management LLC.
14              THE COURT:  All right, good afternoon, and I
15   understand there's also counsel for WRE Holding.
16              MR. BOONE:  WRE Holding AG is a foreign
17   company.  We have not yet ascertained whether or not
18   they wish to retain us to represent them.  We're still
19   in the process of doing that.  But we have entered our
20   appearance on behalf of the other two domestic entities.
21              THE COURT:  I see.  All right, and are there
22   any counsel for any parties on the line that I skipped
23   accidentally?  All right, I will take that silence as an
24   indication that I've gotten an appearance for everyone
25   who needs to file an appearance or who needs to state
```

1                          PROCEEDING                          6

2     their appearance rather.

3            So we are here for an initial case management

4     conference on this matter, and I am in receipt of the

5     joint proposed case management plan filed by the parties

6     on May 23.  I'm also in receipt of a joint status update

7     which was also filed on May 23 discussing deadlines and

8     the like for a number of different motions:  motion to

9     dismiss, a motion to strike, and some others.

10           So before we turn to – and it seems to me from

11    reviewing the proposed plan everything is in agreement

12    in the main, and I don't have any objections to any of

13    the proposed dates.  It looks like really the only issue

14    that we may need to discuss is whether or not a schedule

15    should be set for the filing of class certification.

16    But before we turn that issue, I did just want to give

17    all the parties an opportunity to tell me a bit about

18    the case from their perspective, if they think that that

19    would be helpful at this point.  Obviously, I have

20    reviewed the plan and the summary sort of contained in

21    that, but I will give all parties an opportunity if

22    there's something more that they think would be helpful

23    for me to know about the case at the outset.  So

24    Brockmole plaintiffs first.

25           MR. MOORE:  Sure, Your Honor, this is Fletcher

1

2   Moore.  I'll be very brief, Your Honor.  The case

3   (indiscernible) show is that the defendants promoted,

4   marketed, and sold thousands of tickets for millions of

5   dollars to a concert in Randalls Island, New York, and

6   then the day – and the concert was technically a few

7   days' festival.  But for the first day of the three-day

8   festival, they gave everybody very short-term notice

9   that they were cancelling that day and that nobody would

10  be able to attend the festival even though they all had

11  paid for and had purchased valid tickets.  And then the

12  second day they advised their customers and concert

13  goers that they were not able to access the festival

14  until after it was supposed to start, essentially giving

15  them half of the concerts.

16          And then on the third day they, because so many

17  people were not able to attend the first and second

18  days, on the third day the concert had exceeded

19  capacity.  It was in violation New York City fire codes.

20  It was in violation of their permits.  People were

21  injured, you know, people were not able to access

22  lavatory, it was unsanitary, it was unsafe.  And that is

23  essentially – and to this day, Your Honor, all of the

24  people who were not able to attend the first day and

25  half of the second day even though they paid for valid

PROCEEDING                    8

1

2  tickets, they haven't received refunds.  And so they had

3  completely lost, you know, 100 percent of the money they

4  spent on those tickets, and the defendants have pocketed

5  it without reimbursing them for anything.  And that's

6  essentially the case.

7          THE COURT:  All right, thank you very much.

8  And on behalf of Avchukov is there anything additional

9  that you would like me to know from your perspective?

10          MR. CORBETT:  Well, that's the basis of the

11  case, and I'm sure the Court has that.  The only thing

12  that I would add is that we're now about nine months

13  into the case (indiscernible) the initial case

14  conference.  My plaintiffs are anxious to see this case

15  move forward, so we're just hoping that things move

16  forward as expeditiously as possible.

17          THE COURT:  All right, thank you, and on behalf

18  of the Palie plaintiffs.

19          MR. DROR:  Yes, Your Honor, I think what's been

20  stated covers most of what I would say.  I would just

21  add in terms of the claims that we've alleged there's

22  two sets of plaintiffs now.  There's the Brockmole

23  plaintiffs who have their complaint, and then there's

24  the consolidated class action that's been brought by the

25  Avchukov, Palie, and Ting plaintiffs.  And I would just

```
 1                          PROCEEDING                    9
 2   - the fact basis I think is common to all.  I would just
 3   add that there are also claims of fraud in that the
 4   defendants continuously, up to and including the night
 5   before the festival was supposed to start on Friday,
 6   indicated to all of the paying customers that the
 7   festival would proceed as scheduled.
 8            THE COURT:  All right, thank you.  And on
 9   behalf of the Ting plaintiffs.
10            MR. CHEN:  I think my co-counsels here have
11   pretty much laid out everything before the Court, and I
12   have nothing further to add at this point.
13            THE COURT:  All right, thank you very much.
14   And what do I need to know from the defendants'
15   perspective, starting first with EZ Festivals and Avant
16   Gardner?
17            MR. KENNELL:  Thank you, Your Honor, this is
18   Patrick Kennell.  So, yeah, I think there's not a
19   fundamental disagreement over what this case is really
20   about.  It's a ticket refund class action case.  My
21   client ran the EZ Festival, the 2023 EZ Festival on
22   Randalls Island.  They fully acknowledge that the
23   festival did not go as planned.  There were a number of
24   issues that were outside my clients' control, but,
25   nonetheless, my clients, you know, acknowledge that the
```

PROCEEDING                    10

festival just did not go as planned.

I think it's important for Your Honor to know, and we've communicated this to the plaintiffs' counsel during our Rule 26 conference a couple of weeks ago, my clients are imminently about to announce a refund process which will – and I will be emailing the plaintiffs' counsel, as for some further details on how that process will work and exactly who will get what types of refunds.  I now have that information, and my colleagues on the other side will be emailing a little bit more information on that later today.

But refunds will be going to many of the affected concert goers in the next I want to say several weeks, but since I don't fully know the timing, there was a third-party vendor called See Tickets that handled all the ticketing, that handled the collections, and will be handling the refunds.

So that's an important component I think of all class cases here and I think will significantly pare down the scope of the case, but obviously that hasn't happened yet.  To Mr. Corbett's point, you know, wanting to see things more forward, we're trying to do that, and once that refund process goes forward, I think this case will be pretty well positioned to come back before Your

2  Honor for what I would hope to be a productive

3  conference to get the case resolved.

4         THE COURT:  All right, thank you very much.

5  And on behalf of WRE Management.

6         MR. BOONE:  Yes, good afternoon, Your Honor,

7  this is Richard Boone.  The WRE Parent U.S. Holding

8  Corp. Inc. entity is only a landlord of a property in

9  Brooklyn which has absolutely nothing to do with the

10 festival at issue.  It's the property where Avant

11 Gardner has its other business located.  And WRE

12 Management is the management company for that

13 landholding.  We have not yet been able to ascertain the

14 exact relationship of WRE Holding AG.  Although we don't

15 represent them, we're trying to determine that.

16        But in any event, what we're dealing with for

17 the WRE entities is a landlord-tenant relationship that

18 has nothing to do with this festival at all.  The

19 festival itself took place on Randalls Island and had

20 nothing to do with the subject property in Brooklyn.  So

21 we intend to be moving to dismiss on behalf of those

22 entities.

23        THE COURT:  All right, thank you.  Those were

24 helpful from my perspective, sort of brief synopses of

25 the base from everyone's perspective and sort of what

1

2    may be, you know, next steps and important sort of steps

3    in the process.

4              You know, as I'd indicated, I wanted to discuss

5    this question about what would make the most sense in

6    terms of timing for briefing on class cert.  When EZ

7    Festivals was speaking, you did raise the potential of

8    settlement, and that is also in the joint proposed case

9    management plan.  I wonder if – well, here's what I'll

10   say about that.  In the joint plan you all indicated

11   that the parties were interested in, the language is the

12   parties requested settlement conference no later than

13   July 29.  So what I will say with respect to that is in

14   terms of my schedule I'm running at about a month and a

15   half, two months out in terms of scheduling.  So if the

16   desire was to have a settlement before the end of July

17   and obviously this question about what's happening with

18   the refunds and what does that process look like and how

19   is that going to happen sounds like that's obviously a

20   key piece of that and the timing it seems like is still

21   a little bit of a question mark of when, you know,

22   that's going to take place.  But I would say and I will

23   issue a settlement order following today's conference

24   just to get this process going that contacting my deputy

25   with mutually agreeable dates and sort of getting on the

1                          PROCEEDING                    13

2    schedule now is what would allow you to do a settlement

3    towards the end of July.

4            So just to sort of give you that in terms of

5    timing which I think then just leave us with this

6    question of the timing of the filing of the motion for

7    class cert, and obviously the plaintiffs have expressed

8    an interest in doing that now.  Defendants have

9    expressed an interest in waiting until discovery is

10   complete.

11           So, you know, let me turn to the plaintiffs

12   first for why you think that that should happen now and,

13   you know, if you could address this, the issue that the

14   defendants have raised about the idea that there will be

15   a need for some discovery so that the facts are clear on

16   some of the issues that are relevant to class cert, and

17   so why would it not make more sense to wait until, you

18   know, all or some of the discovery is done so that we're

19   not in a situation where you're moving for class cert

20   and then later there's an attempt to decertify and sort

21   of a back and forth process.  But I'll turn to

22   plaintiffs first, starting with Brockmole plaintiffs.

23           (pause in proceeding)

24           THE COURT:  Brockmole, if you are speaking, you

25   may be muted.

PROCEEDING                14

          MR. MOORE:  Sorry about that.  I am mute, I was
muted.  Your Honor, I just want to say I'll refer to my
co-counsel, counsel for the other class plaintiffs as
far as scheduling goes because I know that there has
been a lot of conversations with defense counsel, and I
think that they are very adamant about trying to, you
know, move this case forward as quickly as possible
because of potential, you know, delays in the past, and
I'm going to defer to them as to what they want to do.

          THE COURT:  All right, that's certainly fine.
I don't know who would like to sort of take the laboring
oar here.  Avchukov.

          MR. CORBETT:  Sure, I can get started.  We
think that the issues regarding or that are relevant to
class certification right (indiscernible).  There's no
dispute that tens of thousands of people purchased
tickets.  There's no dispute that none of them were able
to attend on one of the three days.  I think there's
going to be little dispute as to the other issues that
happened on the days 2 and 3 also.  But I'll leave it to
the rest (indiscernible).

          THE COURT:  All right, so Palie plaintiffs.

          MR. DROR:  Yeah, yes, Your Honor,
(indiscernible).  I would just echo what Mr. Corbett

1

2   just said.  The class here is well defined as ticket

3   purchasers.  The issues are very straightforward too,

4   you know, and we would like to move the case along.  We

5   don't anticipate any issues with defining the class or

6   anything of that nature given the clearly defined groups

7   that are set forth in the complaints.

8           THE COURT:  All right, and Ting plaintiffs.

9           MR. CHEN:  Same thing.  I think it's not a

10  complicated class certification, and we'd like to move

11  things faster before, faster sooner rather than later.

12          THE COURT:  All right, so I'll turn to, you

13  know, EZ Festivals, and I certainly saw your, you know,

14  contention that some discovery you believe would be

15  needed as to commonality and typicality of the proposed

16  classes, the proposed class, but given that there really

17  isn't a dispute about sort of the core of what is going

18  on here, that it's ticket holders for a concert, a

19  festival rather of several days, concerts, that did not

20  happen doesn't or, you know, started and didn't happen

21  on various days and whatever other problems happened

22  here, that doesn't seem to be the sort of situation that

23  calls for discovery to sort of identify who's in, who's

24  out, what does the class look like.  So why is it that

25  you feel discovery would be necessary before we could

1                              PROCEEDING                  16

2   get into the class certification process, and I'll start

3   with EZ Festivals and Avant Gardner first.

4          MR. KENNELL:  Certainly, Your Honor.  If the

5   class was really that narrow, it might be easier to

6   brief it, but I think when you look at the pleadings, at

7   least the current pleadings, we've got RICO allegations,

8   we have some uncertainty about what exactly, you know,

9   what are the damages these plaintiffs are alleging.  If

10  it's just their ticket price which is going to be part

11  of the refund process, that's a cleaner, straighter,

12  narrower case, and I think we could easily do that.  But

13  I don't think that's what's alleged.  I think some of

14  the plaintiffs are seeking ancillary, reimbursement for

15  ancillary expenses like travel and bus tickets, hotels,

16  as I read the pleadings.

17         I'm happy to be disabused of that notion and

18  learn that this case is much narrower than we've been

19  reading in the pleadings, but I think there are

20  potential damages components that could separate some of

21  these plaintiffs and could call into question whether

22  we're really at that stage for class cert.

23         THE COURT:  But I mean that seems to me to sort

24  of be the I'll call it the plaintiffs' risks to take,

25  right, the plaintiff have the, the plaintiffs have the

1
2  burden of showing that there is commonality and

3  typicality, and to the extent that they've got, you

4  know, that they're – and I don't know what they're going

5  to attempt to certify, but to the extent that it

6  includes someone who is only out, I have no idea how

7  much these tickets, you know, however much the ticket

8  price and someone else who's, you know, scarred for life

9  because they couldn't, you know, something horrible

10 happened in the porta potty, that the burden is on them

11 to show that somehow the issues are common.  So I hear

12 you on the idea that the complaint sort of sweeps more

13 broadly than just ticket price alone, but that's sort of

14 a strategic issue that plaintiffs always have to think

15 about, do they want to move sooner rather than later, do

16 they want to wait and what's sort of the risk-reward.

17        But I'll turn back to them to sort of hear

18 their response to that, but it seems to me that they

19 would take the risk of, if they're trying to certify and

20 then it turns out that there's sort of this wide swath

21 of different issues, then perhaps there's no typicality

22 and commonality, and they would sort of take the risk of

23 trying and maybe not being able to get over that hurdle.

24 Was there anything more that you wanted to say about

25 your request to wait until after discovery?

```
 1                       PROCEEDING                    18

 2            MR. KENNELL:  Well, if I may be heard, Your

 3   Honor.  I appreciate that, and I guess hearing you

 4   saying it that way, I mean maybe we would be happy to

 5   let them take that risk.  What I worry about too is just

 6   being practical.  If we get in the midst of briefing and

 7   then it's very clear we need some class discovery,

 8   there's some discovery on typicality issues, then here

 9   we are back in this same position, I just don't want to

10   be opposing a class cert motion saying wait a minute,

11   that's not what they said on this call.  Now we need

12   some discovery.  It just seems to be a gigantic waste.

13            But, look, if the plaintiffs are willing to

14   commit to that narrow damages set, if you will, and

15   that's what the briefing would be on, that's what the

16   proposed class would be on, then okay.

17            THE COURT:  All right, and anything to add on

18   behalf of WRE, I keep saying Management, but there's the

19   parent.  What is it, WRE Global, and I think I'm just

20   not calling it right.  WRE, the WRE defendants, anything

21   to add?

22            MR. BOONE:  Yeah, on behalf of the domestic WRE

23   entities.  We were just retained, we're still coming up

24   to speed on this case.  We don't really know essentially

25   as much as we would like to about this case and what has
```

1                          PROCEEDING                    19

2  happened thus far.  But just to echo our codefendants'

3  concerns, to the extent that WRE is even in this case at

4  the class cert stage, which we don't think it

5  appropriate for it to be, that we would want to know who

6  these plaintiffs are and their relationship to the

7  festival, what damages they're claiming and things like

8  that.  Obviously, we have the allegations in the

9  complaint, but those are at this point just allegations.

10  We're not privy to any discovery that's happened thus

11  far, so we would certainly want to do class

12  certification discovery to determine whether or not

13  class certification is appropriate and whether or not

14  these are appropriate representatives of the purported

15  class.

16         But that said, again, we intend to move to

17  dismiss given that WRE's very, very, not even tangential

18  relationship to this festival, and hopefully the WRE

19  entities would be gone at the time of any class

20  certification hearing.

21         THE COURT:  All right, thank you.  So I'm going

22  to turn back to plaintiffs, you know, and in particular

23  I'm interested to hear your response to this idea that

24  in the first instance, when I asked you all about why

25  now on class certification, sort of everyone used the

1
2  same kind of language that, you know, it's very clear

3  what's happening here, it is all kind of very narrow,

4  we've got the ticket holders and the festival doesn't

5  happen, but, you know, as various people pointed out in

6  their kind of opening remarks about the case from their

7  clients' perspective, there do appear to be, you know,

8  several different categories of damages, of alleged

9  damages I'll put it that way going from ticket, you

10 know, the cost of the ticket to other things.

11        So the defendants' argument that, you know, it

12 would make sense to sort of do some discovery to see

13 what if any potential classes exist and that, you know,

14 from their lens that makes more sense.  Obviously, if

15 you all are just seeking class certification just on

16 ticket, you know, people bought the tickets and the cost

17 of tickets, that's a different kind of potential class

18 and a much narrower one.  If that's what we're talking

19 about, it sounds like defendant does not object to going

20 forward now, but I will turn back to you all one last

21 time to hear what you have to say in response, starting

22 with Brockmole plaintiffs.

23        MR. MOORE:  Thank you, Your Honor.  We would

24 just say that we believe that there should be subclasses

25 and that, yes, you know, the RICO claim, you know, could

 1

 2  be part of one subclass whereas just the ticket holders

 3  for Friday or, you know, ticket holders for Friday and

 4  Saturday or just Saturday could be another subclass.

 5  And when it comes to, you know, the ticket holders from

 6  Friday, I mean I don't think there's any real defense

 7  there.  Defendant knows they kept the money, and the

 8  plaintiffs have to be reimbursed or refunded.  And so

 9  obviously for that subclass we really wouldn't need

10  discovery, defendants (indiscernible) it wouldn't need

11  discovery, and we could certify that right away.

12          THE COURT:  So is your, on behalf of Brockmole

13  plaintiffs, is your contention that when you say you

14  want to move forward with class certification, that you

15  would be proposing, you know, you would be seeing to

16  certify particular subclasses for which there is no kind

17  of factual contest but there might potentially be other

18  classes that you would be seeking, subclasses you would

19  be seeking to certify later once there is discovery.  Is

20  that what you're saying?

21          MR. MOORE:  Yes, Your Honor, exactly.

22          THE COURT:  All right, and on behalf of, every

23  time I said this differently, Avchukov, Avchukov.

24          MR. CORBETT:  Yes, Your Honor.  I think it's

25  important for the Court to remember there are two

PROCEEDING                          22

different complaints, the Brockmole complaint and then

the consolidated complaint.  The consolidated complaint

does not include people injured in a porta potty or any

kind of individualized personal injuries.  It is all

injuries that would be sustained by pretty much anyone

who went to the festival.  So as to Brockmole's

complaint, it maybe make sense that they have classes

that they cannot yet certify.  It's our position that we

could certify our (inaudible).

     THE COURT:  All right, and the Palie

plaintiffs.

     MR. DROR:  Yes, Your Honor, I would just agree

with what Mr. Corbett said.  I don't have anything

additional to add to that.

     THE COURT:  All right, and lastly the Ting

plaintiffs.

     MR. CHEN:  Same as Mr. Corbett.  As part of the

consolidated complaint, I think at least for us class

certification is much simpler, and I think it is

warranted at this point.

     THE COURT:  All right, thank you all for those

arguments.  So it seems to me that what we are talking

about is just the potential certification of I'll call

it the more narrow potential class which is sort of the,

you know, the folks, the issues that seem that they

would be common to anyone who had a ticket, couldn't get

into the concert, and that's not really the concern that

the EZ Festival defendants and Avant Gardner was

concerned about, sort of this idea of a more broad,

sweeping potential class.  Obviously, the consolidated

plaintiffs, there's already I'll call it a narrowly

tailored lens on what they are alleging in their

complaint, and it's only Brockmole who seems to sweep

more broadly, and Brockmole's indicated that from their

perspective they would be seeking at this time to try to

certify a subclass that would be just the people harmed

by the holding of the tickets and not being able to

attend the three days of the festival.  So I think that

that doesn't create the specter that Brockmole was

concerned about where there would really be a need for

some or all of discovery to take place first.

So I am going to have a schedule with respect

to the filing of the motion to certify, and I will

include that with the adoption of the proposed case

management plan shortly after we are done today.  As I

indicated, I will also file my settlement order just so

that everyone has the sort of, you know, rules of

engagement on how to contact my deputy and schedule any

```
 1                          PROCEEDING                    24
 2  settlement.  And as I indicated, you know, scheduling
 3  now or in the next week or two would likely get you in
 4  before the end of July if that is the parties'
 5  intention.
 6            Is there anything else that we need to discuss
 7  on behalf of anyone starting first with Brockmole
 8  plaintiffs?
 9            MR. MOORE:  No, Your Honor, nothing further
10  from the Brockmole plaintiffs.
11            THE COURT:  All right, thank you very much.
12  Anything else on behalf of Avchukov?
13            MR. CORBETT:  No, thank you, Your Honor.
14            THE COURT:  All right, anything else on behalf
15  of the Palie plaintiffs?
16            MR. DROR:  No, Your Honor.
17            THE COURT:  All right, anything else on behalf
18  of Ting plaintiffs?
19            MR. CHEN:  No, Your Honor.
20            THE COURT:  All right, thank you.  Anything
21  else on behalf of EZ Festivals and Avant Gardner
22  defendants?
23            MR. KENNELL:  Yes, Your Honor, I didn't want to
24  interrupt you earlier, but if I may be heard briefly on
25  the class cert motion timing.  I maintain, you know,
```

1   this is the first we're hearing about potential

2   subclasses or disparate classes being concert goers,

3   whether they're in the Avchukov or the Brockmole camp,

4   and I just think that that looks like further

5   splintering of the case that sort of warrants putting

6   that briefing off until we've had some initial discovery

7   on it.  And I just wanted to go on – I know Your Honor

8   will make the appropriate decision, but I just wanted to

9   go on record that we think that that alone militates for

10  putting it off until we at least had some initial

11  discovery, keeping in mind too if we're really talking

12  then about this narrow subclass being certified, we're

13  going to be briefing that subclass, if you will, while

14  at the same time they're going to be getting refunds.  I

15  don't know, it just seems strange that we're basically

16  getting rid of a subclass while we're briefing

17  certification for that subclass.  Anyway.

18       THE COURT:  All right, I certainly hear that.

19  I mean, look, the reality with any case is that there's

20  often sort of parallel processing that's going on, the

21  very idea of refunds are happening and perhaps things

22  can be settled as early as the end of July which may be,

23  you know, before we've even completed briefing with

24  respect to the class certification.  I feel like that is

always, those are always issues that are intention and

in play, and sometimes collectively the parties think,

well, better to wait for the refunds and wait for

settlement and let's just stay everything until after

that happens because maybe that's a better use of our

time and our resources, and other times people want to

go ahead with sort of the parallel processing.  And

typically when it comes to those sorts of issue, I take

my cues from the parties.  If collectively you all felt

that this may all be resolved sooner rather than later

and maybe it's not worth anybody's time and resources to

brief these various issues until we know if, you know,

whatever refund structure and whatever we could

potentially resolve this for in terms of settlement that

satisfies everyone or not, that doesn't seem to be what

I'm hearing here.  And to the extent that, you know,

there's a will to continue on in a parallel way, that

may mean that it's, you know, it's taking extra time and

resources to do it that way, but that is always an

option.

        But I certainly hear you on the idea that

potential subclasses makes this perhaps more time-

consuming and more complicated than it needs to be, but

it, again, still seems to me that the core of this is

1                          PROCEEDING                    27

2  really going to be issues that sound very, very common

3  to everyone, and the idea of certifying a class in the

4  main that is folks who have tickets and weren't able to

5  get in, and then we see if ever there is some further

6  subclass of, you know, folks who have other issues.  But

7  I do appreciate your arguments.  Anything else on behalf

8  of the WRE defendants?

9           (pause in proceeding)

10          THE COURT:  WRE, if you are speaking, you are

11  likely muted right now.

12          MR. BOONE:  Sorry, Your Honor, no, nothing

13  further.

14          THE COURT:  All right, in that case we will be

15  adjourned, and everyone have a good rest of your day.

16          MR. MOORE:  Thank you so much, Your Honor.

17          THE COURT:  You're welcome.

18          ATTORNEY:  Thank you, Your Honor.

19          ATTORNEY:  Thank you.

20          (Whereupon the matter is adjourned.)

21

22

23

24

25

28

<u>C E R T I F I C A T E</u>

I, Carole Ludwig, certify that the foregoing
transcript of proceedings in the case of BROCKMOLE v. EZ
FESTIVALS, 23vcv8106, was prepared using digital
transcription software and is a true and accurate record
of the proceedings.


Signature   *Carole Ludwig*
            _____

            Carole Ludwig

Date:   June 9, 2024