IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICOLE BROCKMOLE, LAUREN BAIR and NICK ERCKLENTZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>- against -<br><br>EZ FESTIVALS LLC, AVANT GARDNER, LLC, MADE EVENT LLC, CITYFOX, REYNARD PRODUCTIONS, JURGEN BILDSTEIN, PHILLIP WIEDERKEHR, AGDP HOLDING INC., GARDNER PURCHASER LLC, WIEDERKEHR ASSOCIATES, STEWART PURCHASER LLC, WRE PARENT US HOLDING CORP. INC., WRE MANAGEMENT LLC, WRE HOLDING AG and JOHN DOES NO. 1-10,<br><br>Defendants. | Civil Action No. 1:23-cv-08106-MMG<br><br><br><br>**(Oral Argument Requested)** |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
THE EZ DEFENDANTS' MOTION TO DISMISS
THE BROCKMOLE PLAINTIFFS' AMENDED COMPLAINT**

                                                Respectfully submitted,
                                                KAUFMAN DOLOWICH, LLP
                                                40 Exchange Place – 20th Floor
                                                New York, New York 10005
                                                Phone: (212) 485-9600

                                By:    Patrick M. Kennell
                                                pkennell@kaufmandolowich.com
                                                Kathleen A. Mullins
                                                kathleen.mullins@kaufmandolowich.com
                                                *Attorneys for Defendants*
                                                EZ FESTIVALS LLC, AVANT GARDNER, LLC, MADE EVENT LLC, CITYFOX, REYNARD PRODUCTIONS, JURGEN BILDSTEIN and AGDP HOLDING INC.

Dated: July 17, 2024

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES .......................................................................................................... ii

PRELIMINARY STATEMENT .................................................................................................... 1

REPLY ARGUMENTS .................................................................................................................. 1

    I.   THE ACAC FAILS TO ALLEGE SUFFICIENT, NON-CONCLUSORY FACTS TO SUPPORT THE WILDLY OVER-PLEADED RICO CLAIMS ....................................... 1

        A.   The Brockmole Plaintiffs Failed to Allege a Plausible "Enterprise" and Satisfy the Heightened Pleading Standards of Rule 9(b) to Sustain Count I - § 1962(a) RICO . 2

        B.   The Brockmole Plaintiffs Failed to Allege the Predicate Acts of Mail and Other Fraud with the Specificity Required under Rule 9(b) to Sustain Count II – §1962(c) RICO ................................................................................................................... 3

        C.   The ACAC Fails to Plausibly Allege with Particularity Any "Agreement" Among the Defendants as Required to Sustain Count III - §1962(d) (Conspiracy) ............... 4

    II.  THE BROCKMOLE PLAINTIFFS HAVE NO PLAUSIBLE CLAIM TO EXPAND THEIR CASE FOR LIABILITY AGAINST AVANT GARDNER OR MR. BILDSTEIN ................................................................................................................... 5

    III. THE BROCKMOLE PLAINTIFFS' FRAUD (COUNT IV) AND GOOD FAITH AND FAIR DEALING CLAIMS (COUNT VI) REMAIN DUPLICATIVE PLEADING OF THE BREACH OF CONTRACT CLAIMS ...................................................................... 6

CONCLUSION ............................................................................................................................... 7

# **TABLE OF AUTHORITIES**

**CASES**

*Alto v. Sun Pharm. Indus.*
   No. 1:19-cv-09758-GHW, 2020 WL 2086220 (S.D.N.Y. Apr. 29, 2020) ................................. 7

*Bell Atlantic Corp. v. Twombly*
   550 U.S. 544 (2007) ................................................................................................................ 1

*Bridgestone v. Recovery Credit Services, Inc.*
   98 F.3d 13, 19-20 (2d Cir. 1996) ............................................................................................ 6

*Cosmas v. Hassett*
   886 F.2d 8 (2d Cir. 1989) ........................................................................................................ 3

*In re Integrated Resources Real Estate*
   850 F.Supp. 1105 (S.D.N.Y. 1993) ..................................................................................... 1-2

*In re Tether and Bitfinex Crypto Asset Litigation*
   576 F.Supp.3d 55 (S.D.N.Y. 2021) ..................................................................................... 2, 4

*IOP Cast Iron Holdings, LLC v. J.H. Whitney Cap. Partners, LLC*
   91 F.Supp.3d 456 (S.D.N.Y. 2015) ........................................................................................ 6

*Katzman v. Victoria's Secret Catalogue*
   167 F.R.D. 649 (S.D.N.Y. 1996) ............................................................................................ 1

*Leung v. Law*
   387 F.Supp.2d 105 (E.D.N.Y. 2005) ................................................................................. 2, 3

*McLaughlin v. Anderson*
   962 F.2d 187 (2d Cir. 1992) .................................................................................................... 3

*Ouakine v. MacFarlaine*
   897 F.2d 75 (2d Cir. 1990) ...................................................................................................... 2

*Salinas v. United States*
522 U.S. 52, 118 S.Ct 469, 139 L.E.2d 352 (1997) .................................................................. 4, 5

*Schmidt v. Fleet Bank*
   16 F.Supp.2d 340 (S.D.N.Y. 1998) ........................................................................................ 1

**PRELIMINARY STATEMENT**

This case, very straightforwardly, involves class action claims for reimbursement of concert tickets and other expenses for portions of a three-day festival where concertgoers allege they were not able to enjoy the entirety of the 2023 Electric Zoo Festival on Randall's Island. The Brockmole Plaintiffs' Amended Class Action Complaint (ACAC) is an over-pleaded attempt to expand this garden-variety contract case for obvious strategic reasons, and the Brockmole Plaintiffs' briefing in opposition to the EZ Defendants' motion to dismiss fails to overcome the pleading deficiencies and implausible claims included by their far-fetched RICO, corporate individual liability, fraud, and fair dealing claims.

**REPLY ARGUMENTS**

This case should be narrowed down to its true breach of contract nature, and that's it. The Brockmole Plaintiffs' RICO, corporate individual liability, fraud, and fair dealing claims are either not "plausible on [their] face" and not sufficiently pleaded with non-conclusory facts "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545, 570 (2007). And therefore, the EZ Defendants respectfully request that the Court grant their motion to dismiss Counts I, II, III, IV, and VI of the ACAC.

**I.   THE ACAC FAILS TO ALLEGE SUFFICIENT, NON-CONCLUSORY FACTS TO SUPPORT THE WILDLY OVER-PLEADED RICO CLAIMS**

It cannot be overstated that claims of RICO are only valid in limited circumstances. As Courts in this District have acknowledged, "[c]ivil RICO is an unusually potent weapon – the litigation equivalent of a thermonuclear device." *Katzman v. Victoria's Secret Catalogue*, 167 F.R.D. 649, 655 (S.D.N.Y. 1996). Further, "courts must always be on the lookout for the putative RICO case that is really 'nothing more than an ordinary fraud case clothed in the Emperor's trend garb.'" *Schmidt v. Fleet Bank*, 16 F.Supp.2d 340, 346 (S.D.N.Y. 1998), quoting *In re Integrated*

*Resources Real Estate*, 850 F.Supp. 1105, 1148 (S.D.N.Y. 1993).  Here, the Brockmole Plaintiffs have not alleged any nonconclusory facts to support their RICO claims.

    **A.**    **The Brockmole Plaintiffs Failed to Allege a Plausible "Enterprise" and Satisfy the Heightened Pleading Standards of Rule 9(b) to Sustain Count I - § 1962(a) RICO**

In order to sufficiently plead a cause of action for RICO per § 1962(a), a plaintiff is required to allege that the defendant (1) received income from a pattern of racketeering activity; (2) invested that income in the acquisition of a stake in, or establishment of, an enterprise distinct from the one which the income was derived; and (3) that the plaintiff suffered an injury following from this reinvestment of racketeering income distinct from any injury suffered because of the commission of the original predicate acts of racketeering activity. *Leung v. Law*, 387 F.Supp.2d 105, 120 (E.D.N.Y. 2005), citing *Ouakine v. MacFarlaine*, 897 F.2d 75, 83 (2d Cir. 1990). Further, the plaintiff must allege that the injury was caused by the investment of the racketeering proceeds, and not merely by the predicate acts. *In re Tether and Bitfinex Crypto Asset Litigation*, 576 F.Supp.3d 55, 127 (S.D.N.Y. 2021).

In their opposition, the Brockmole Plaintiffs argue that their claims under § 1962(a) are sufficiently pled and satisfy the Rule 9(b) requirements because they have adequately alleged "predicate acts," namely, mail and wire fraud and money laundering.  They further maintain that the ACAC contains enough details of the pertinent who, what, where, when, how and why to support these purported predicate acts.  But a closer examination of the pleading shows this is simply not true:

> *Money Laundering Predicates*:  The ACAC does not allege any facts to support this conclusion.  Worse, Plaintiff's Opposition brief simply repeats a single "on information and belief" sentence of regurgitated elements following a case citation—hardly sufficient to meet the burden of demonstrating any claim, let alone one as serious and heightened as a RICO count. (*See*, Brockmole Plaintiffs' Opposition, ECF No. 96, "Opp. Br.," at 7, 8).

2

*Mail and Wire Fraud Predicates*:   The ACAC fails to provide any real factual details regarding the dates upon which the purportedly misrepresentations were made to the specific named Plaintiffs or what exactly was said or misrepresented to these Plaintiffs which constituted a fraudulent predicate. *See*, *McLaughlin v. Anderson*, 962 F.2d 187, 191 (2d Cir. 1992), quoting *Cosmas v. Hassett*, 886 F.2d 8, 11 (2d Cir. 1989) (finding that in the RICO context, Rule 9(b) requires that the complaint "specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiffs contend the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements").  Plaintiffs' Opposition suggests that their nebulous allegation that the EZ Defendants promoted after-parties *via* the internet is sufficient to meet these criteria and that nothing more is required. (Opp Br., at 7-8, 9).  Except for simply concluding that they're right, Plaintiffs' opposition arguments completely fail to explain how allegedly selling tickets to an after-party online is a fraudulent predicate.  This is just another example of how the Brockmole Plaintiffs over-plead their ACAC, evidently in an attempt to get past initial motions and hopefully expand their horizons for likely obvious strategic reasons.

*The "Enterprise" Element*:   The ACAC does not sufficiently allege the "enterprise" element required to sustain a § 1962(a) civil RICO claim, because it does not allege that the Plaintiffs' purported injury(ies) were caused by the investment of alleged racketeering proceeds into another corrupt entity.  In response, the Brockmole Plaintiffs' argue that a "person/enterprise distinction" is not required for a § 1962(a) claim, (Opp. Br., at 9-10), but that rather irrelevant point does not explain how their ACAC adequately alleges facts to show that or how the supposed "enterprise" is a separate entity acquired through investment of ill-gotten racketeering proceeds. *See*, *Leung*, 387 F.Supp.2d at 120 (E.D.N.Y. 2005).  The issue with the ACAC is not a failure to satisfy the "distinctness" requirement, but rather, that the Brockmole Plaintiffs have not adequately alleged that the so-called "RICO Defendants" engaged in operational practices that were criminally illegal or specifically what or how any allegedly illegal proceeds were invested into the 2023 EZoo Festival.  Plaintiffs' misfocused response does not somehow save their inadequate attempt to over-plead the case.

Plaintiffs' allegations—and their anemic explanations in the Opposition to this motion to dismiss—are simply not enough to satisfy the requirements for a Section 1962(a) RICO claim, and therefore, dismissal of Count I is warranted.

### B. The Brockmole Plaintiffs Failed to Allege the Predicate Acts of Mail and Other Fraud with the Specificity Required under Rule 9(b) to Sustain Count II – §1962(c) RICO

The Brockmole Plaintiffs' Section 1962(c) RICO claim is likewise insufficient, based really on nothing more than a skinny assertion of basic facts and legal elements.  Their Opposition argues that Count II should not be dismissed simply because the purported "specific delineation

3

of each category of Defendants and the description of predicate acts" is sufficient to satisfy the requirements of Rule 9(b). (Opp. Br., at 10).

But as discussed in the EZ Defendants opening motion papers, none of the alleged predicate acts of racketeering activity asserted in the ACAC are alleged with the specificity required by Rule 9(b), and worse, Count II (and the ACAC overall) wholly fails to allege how, or even *that*, each Defendant participated in the supposed predicate acts of racketeering activity.  The pleading barely meets the notice standard, let alone the requirements of specificity of Rule 9(b).  And it would be best to cut these insufficient claims loose now, at the early pleading stage, to pare down the ACAC to Plaintiffs' real complaints, not the overly broad, overly-pleaded nonsense of these RICO claims.

### C. The ACAC Fails to Plausibly Allege with Particularity Any "Agreement" Among the Defendants as Required to Sustain Count III - §1962(d) (Conspiracy)

The Brockmole Plaintiffs' Section 1962(d) RICO conspiracy claim falls as well, mainly because there can be no plausible conspiracy to violate RICO when, as explained above, the plenary RICO claims fail. *See*, *In re Tether and Bitfinex Crypto Asset Litigation*, 576 F.Supp.3d at 115 (Section 1962(d) under RICO "makes it unlawful to conspire to violate any of the other three prohibitions" under §1962, including sections (a) and (c).).

The Brockmole Plaintiffs' reliance upon *Salinas v. United States*, 522 U.S. 52, 63, 118 S.Ct 469, 139 L.E.2d 352 (1997), to support the proposition that the "agreement" element of §1962(d) "does not require the pleading of an agreement to operate or manage the enterprise," is patently incorrect. (*See*, Opp. Br., at 10).  The *Salinas* Court held that a plaintiff is not required to agree to commit or facilitate "each and every part of the substantive offense," but did find that "[t]he partners in the criminal plan must *agree to pursue the same criminal objective* ..." *Salinas*, 522 U.S. 52, 63-64 (1997) (*emphasis* added).  Therefore, the *Salinas* Court held that an "agreement"

4

to commit a criminal objective *was* required but that said "agreement" did not require an agreed upon plan to commit "each and every part of the substantive offense." *Id.*

The RICO conspiracy claim at Count III is too far-fetched and poorly pleaded to stand, and just like the primary alleged RICO claims, it should be dismissed from this, essentially, breach of contract case.

II. **THE BROCKMOLE PLAINTIFFS HAVE NO PLAUSIBLE CLAIM TO EXPAND THEIR CASE FOR LIABILITY AGAINST AVANT GARDNER OR MR. BILDSTEIN**

As discussed in the EZ Defendants' opening motion papers, Avant Gardner had no ownership or control over the 2023 EZoo Festival and the ACAC fails to sufficiently plead that Avant Gardner's principal, Jurgen Bildstein, "personally participate[d] in … or ha[d] actual knowledge of" any alleged wrongdoing as required by New York law.  But according to the Brockmole Plaintiffs' Opposition, none of that matters and they can assert a claim against Avant Gardner—and its principal Jurgen Bildstein—because "[a]ccording to NYPD Chief of Patrol John Schell," a "reliable source," Avant Gardner and Mr. Bildstein were the "operators" of 2023 EZoo Festival. (*See,* Opp. Br., at 11; ACAC, at ¶ 13).  Chief Schell, respectfully, has no way of knowing—at least in the manner alleged by the ACAC—who the legal entities or persons are which operate the EZoo Festival.  Plaintiffs' misuse of Chief Schell's after-the-fact press comments is an overreach to try to take one of the NYPD's most visible spokespeople and turn the Chief into an expert on corporate structures.  That is not fair to the Chief, is not fair to EZ Defendants, and is simply insufficient to create liability on corporate entities that do not, in fact, operate the EZoo Festival, or a businessperson who cannot be alleged to have personally directed or participated in any supposed wrongdoing.

5

**III.    THE BROCKMOLE PLAINTIFFS' FRAUD (COUNT IV) AND GOOD FAITH AND FAIR DEALING CLAIMS (COUNT VI) REMAIN DUPLICATIVE PLEADING OF THE BREACH OF CONTRACT CLAIMS**

As discussed in the EZ Defendants' opening motion papers, the Brockmole Plaintiffs' claims for "Fraud – Intentional Misrepresentation Reliance" (Count IV) and "Breach of the Implied Covenant of Good Faith and Fair Dealing" (Count VI) should be dismissed as they are merely duplicative of the breach of contract claims.

The Brockmole Plaintiffs' opposition contends that the fraud claim is not duplicative simply because it demands "special damages" (Opp. Br., 11). But "special damages" and punitive damages (which is what the ACAC actually claims) are not the same thing. Punitive damages are meant to punish certain conduct, while "[s]pecial damages are specific monetary consequential damages, or 'out-of-pocket pecuniary losses as a result of reliance on the alleged misrepresentation.'" *IOP Cast Iron Holdings, LLC v. J.H. Whitney Cap. Partners, LLC*, 91 F.Supp.3d 456, 479 (S.D.N.Y. 2015). Because the alleged breaches of duty underpinning the fraud claim are the same as the duties allegedly breached as alleged in the contract claims, the fraud claim is duplicative and cannot stand. *See*, *e.g.*, *Bridgestone v. Recovery Credit Services, Inc.*, 98 F.3d 13, 19-20 (2d Cir. 1996).

In addition, the Brockmole Plaintiffs argue that both the "Fraud" claims and "Breach of the Implied Covenant of Good Faith & Fair Dealing" claims should not be dismissed because they seek damages based on alleged representations and omissions made by the EZ Defendants outside of the contract, *i.e.*, their EZoo 2023 ticket. (Opp. Br., at 14-15). But the Brockmole Plaintiffs will not tell any of us what those supposed extra-contractual representations were. In fact, the Brockmole Plaintiffs claim they can maintain both a contract and good-faith-and-fair dealing claim by citing to case law for the proposition that, "where is a bona fide dispute concerning existence

6

of a contract or whether the contract covers the dispute in issue," a good-faith-and-fair dealing claim survives. (Opp. Br., at 14-15), citing *Alto v. Sun Pharm. Indus.*, No. 1:19-cv-09758-GHW, 2020 WL 2086220, at *11 (S.D.N.Y. Apr. 29, 2020). Here though, there is no *bona fide* dispute over the existence of the EZoo tickets (the asserted contract) or whether the tickets cover the dispute in issue—indeed, the EZ Defendants have not sought to dismiss the contract claims because that is precisely what this dispute is all about, and Counts (IV and VI) must be dismissed as they are duplicative of the breach of contract claims.

## CONCLUSION

The Brockmole Plaintiffs' ACAC alleges a wide array of purported claims against the EZ Defendants, many of which are conclusory, unsubstantiated, and not actionable under law. It is time to pare this case down to what it is really all about—the 2023 EZoo ticketing issues. Accordingly, the EZ Defendants respectfully request that this Court dismiss this action against Avant Gardner and Mr. Bildstein entirely and with prejudice, and dismiss Counts I, II, III, IV, and VI of the ACAC with prejudice.

Dated: July 17, 2024
New York, New York

Respectfully submitted,
KAUFMAN DOLOWICH, LLP

By: */s/ Patrick M. Kennell*
Patrick M. Kennell
  pkennell@kaufmandolowich.com
Kathleen A. Mullins
  kathleen.mullins@kaufmandolowich.com
40 Exchange Place – 20th Floor
New York, New York 10005
Tel: (212) 485-9600

*Attorneys for Defendants*
EZ FESTIVALS LLC, AVANT GARDNER, LLC, MADE EVENT LLC, CITYFOX, REYNARD PRODUCTIONS, JURGEN BILDSTEIN and AGDP HOLDING INC.

7