# KAUFMAN DOLOWICH

Kaufman Dolowich LLP
40 Exchange Place, 20th Floor
New York, NY 10005
Telephone: 212.485.9600
Facsimile: 212.485.9700
www.kaufmandolowich.com

**Patrick M. Kennell**
E: pkennell@kaufmandolowich.com
D: 646.599.9420

September 30, 2024

**VIA ECF**

The Honorable Jennifer E. Willis, U.S.M.J.
United States District Court
Southern District of New York
40 Foley Square, Room 425
New York, New York 10007

Re:   **LETTER MOTION TO ADJOURN OCTOBER 8, 2024 SETTLEMENT CONFERENCE**

*Brockmole, et al. v. EZ Festivals LLC, et al.*
*Avchukov, et al. v. Avant Gardner, LLC, et al.*
*Palie, et al. v. EZ Festivals LLC, et al.*
*Ting, et al. v Avant Gardner LLC, et al.*
Case No. 1:23-cv-08106-VM (Consolidated)

Dear Judge Willis:

Our firm represents Defendants EZ Festivals LLC, Avant Gardner LLC, Made Event LLC, Jurgen Bildstein, CityFox, Reynard Productions, and AGDP Holding, Inc. (the "EZ Defendants") in the above four putative class action lawsuits. We write, pursuant to paragraph 10 of Your Honor's Standing Order for All Cases Referred for Settlement, to request an adjournment of the settlement conference in this case, currently scheduled for Tuesday, October 8, 2024.

We make this request more than one week before the scheduled conference date. As required under the Standing Order, we emailed all other counsel yesterday (Sunday) afternoon to consult on possible new dates, having suggested **November 21, 22, or 25, 2024**.

We have not yet heard back from most of the plaintiffs' counsel about those dates – understandably, since they were only contacted about it over the weekend – but we understand counsel for the *Avchukov* plaintiffs (Mr. Corbett) may object to any delay of the settlement conference. Though a cause for this application is not required per the Standing Order since this request is made more than one week before the conference date, in light of Mr. Corbett's concerns, as was explained to plaintiffs' counsel, undersigned lead counsel for the EZ Defendants has a family medical issue that he anticipates will have him out of town on the scheduled conference date. The EZ Defendants' representative will be out of the country later in October, and undersigned lead counsel for the EZ Defendants is otherwise engaged in pre-trial duties and a trial

Case 1:23-cv-08106-MMG-JW   Document 115   Filed 09/30/24   Page 2 of 2

Hon. Jennifer E. Willis, U.S.M.J.
Re: *Brockmole, et al. v. EZ Festivals LLC, et al.* (1:23-cv-08106-VM)(Consolidated)
September 30, 2024
Page 2

in Manhattan Supreme Court in early November—*i.e.*, the proposed later November dates are the next earliest when the EZ Defendants' side is all available.

We also respectfully submit that an adjournment of the scheduled conference would be appropriate at this point anyway, because as set forth in paragraph 10 of the Standing Order, an adjournment "would permit necessary discovery or exchange of information that would make the conference more fruitful." First, while the parties recently met and conferred on the scope of broader ESI discovery to be produced (namely from the EZ Defendants' side), the EZ Defendants very recently produced to plaintiffs over 2,700 pages of data relating to the original sales figures and recent refund amounts, which are key to the claimed damages issues in this case. It would be more appropriate to afford the parties time to digest all that data before pushing forward with settlement talks. Second, plaintiffs have not yet produced any documents on their side, although we understand this will be forthcoming soon. To be clear, we are not criticizing plaintiffs for that posture, as the parties have been working cooperatively on discovery issues. But it does offer further reason why the settlement conference should be adjourned to permit the EZ Defendants time to review plaintiffs' anticipated disclosures and to make the conference more fruitful. And third, plaintiffs have not provided the EZ Defendants a pre-conference settlement demand, per paragraph 3 of the Standing Order, which is critical to helping the EZ Defendants understand the potential framework of any possible resolution here. Again, to be clear, we are not criticizing plaintiffs for not yet providing a demand, since they only recently received the sales and refund data to help them evaluate the potential issues here.

The EZ Defendants very much intend to make the best resolution attempt through this settlement conference process, and they do not make this request as some delay tactic, as perhaps may be implied by Mr. Corbett. Rather, the EZ Defendants believe the parties would be able to make the conference more fruitful by having their lead defense counsel available and in person and by having a better handle on the initial discovery productions to fairly evaluate any potential framework or demand when proposed by plaintiffs.

Accordingly, we respectfully request that the Court grant this application to adjourn the October 8, 2024 settlement conference until November 21, 22, or 25, 2024, or such other date as is agreeable to the parties and the Court.

      Respectfully submitted,
      KAUFMAN DOLOWICH LLP

      /s/ Patrick M. Kennell
      Patrick M. Kennell

cc: All Counsel and Parties of Record (*Via ECF*)