# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICOLE BROCKMOLE, LAUREN BAIR and NICK ERCKLENTZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EZ FESTIVALS LLC, AVANT GARDNER LLC, MADE EVENT LLC, CITYFOX, REYNARD PRODUCTIONS, JURGEN BILDSTEIN, PHILIPP WIEDERKEHR, AGDP HOLDING INC., GARDNER PURCHASER LLC, WIEDERKEHR ASSOCIATES, STEWART PURCHASER LLC, WRE PARENT US HOLDING CORP. INC., WRE MANAGEMENT LLC, WRE HOLDING AG and JOHN DOES NO. 1-10,<br><br>Defendants. | Civil Action No.: 1:23-cv-08106<br><br><br>**(Oral Argument Requested)** |

**REPLY IN SUPPORT OF DEFENDANTS' WRE PARENT US HOLDING CORP. INC., WRE MANAGEMENT LLC, WRE HOLDING AG, WIEDERKEHR ASSOCIATES AG, GARDNER PURCHASER LLC, STEWART PURCHASER LLC, AND PHILIPP WIEDERKEHR MOTION TO DISMISS PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT**

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Richard W. Boone Jr.
Kieran R. Lang
150 East 42nd Street
New York, NY 10017
Telephone: (212) 490-3000
Fax: (212) 490-3038
E-mail: richard.boone@wilsonelser.com
E-mail: kieran.lang@wilsonelser.com

*Attorneys for Defendants WRE PARENT US HOLDING CORP. INC., WRE MANAGEMENT LLC, WRE HOLDING AG, WIEDERKEHR ASSOCIATES, GARDNER PURCHASER LLC, STEWART*

*PURCHASER LLC and PHILIPP WIEDERKEHR*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................................1

REPLY ARGUMENT .................................................................................................................2

      I.     Count I Fails to Allege a Plausible Claim for Violation of 18 U.S.C. § 1962(a) ................................................................................................................3

      II.    Count II Fails to Allege a Plausible Claim for Violation of 18 U.S.C. § 1962(c) ................................................................................................................6

      III.   Count III Fails to State a Plausible Claim for Violation of 18 U.S.C. § 1962(d) ................................................................................................................7

      IV.   Count VII Fails to State a Plausible Claim for Violation of N.Y. GBL §349 and 350 ...............................................................................................................9

CONCLUSION............................................................................................................................11

302354139v.3

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adler v. Berg Harmon Assoc.*,
    790 F. Supp. 1222 (S.D.N.Y. 1992)..................................................................................8

*Angermeir v. Cohen*,
    14 F. Supp. 3d 134 (S.D.N.Y. 2014)...............................................................................4

*Blue Cross and Blue Shield of New Jersey Inc. v. Philip Morris, Inc.*,
    36 F. Supp. 2d 560 (E.D.N.Y. 1999) ...............................................................................6

*DeFalco v. Bernas*,
    244 F.3d 286 (2d Cir. 2001)............................................................................................7

*First Capital Asset Mgmt. v. Satinwood, Inc.*,
    385 F.3d 159 (2d Cir 2004).............................................................................................4

*Hecht v. Commerce Clearing House, Inc.*,
    897 F.2d 21 (2nd Cir. 1990)............................................................................................8

*Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v. Matthew Bender & Co.*,
    37 N.Y.3d 169 (2021) ....................................................................................................10

*Jordan (Berm.) Inv. Co. v. Hunter Green Invs. Ltd.*,
    154 F. Supp. 2d 682 (S.D.N.Y. 2001).............................................................................5

*Mondelus v. August W. Dev., LLC*,
    No. 19-CV-4832 (LDH) (LB), 2022 U.S. Dist. LEXIS 10734 (E.D.N.Y. Jan. 20,
    2022) ................................................................................................................................4

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*,
    85 N.Y.2d 20, 647 N.E.2d 741, 623 N.Y.S.2d 529 (1995)...........................................10

*Salinas v. United States*,
    522 U.S. 52 (1997)...........................................................................................................9

*Smulley v. Fed. Hous. Fin. Agency*,
    754 F. App'x 18 (2d Cir. 2018) .......................................................................................7

*Spira v. Nick*,
    876 F. Supp. 553 (S.D.N.Y. 1995) ...............................................................................4, 5

*In re Tether & Bitfinex Crypto Asset Litig.*,
    576 F. Supp. 3d ___ .........................................................................................................6

302354139v.3

*United States Fire Ins. Co. v. United Limousine Serv.*,
  303 F. Supp. 2d 432 (S.D.N.Y. 2004)..................................................................6, 8

*United States v. Persico*,
  832 F.2d 705 (2d Cir. 1987), cert. denied, 486 U.S. 1022 (1988) .............................7

*United States v. Rastelli*,
  870 F.2d 822 (2d Cir. 1989)........................................................................7

*United States v. Viola*,
  35 F.3d 37 (2d Cir. 1994)..........................................................................8

*United States v. Zichettello*,
  208 F.3d 72 (2d Cir. 2000).......................................................................7, 8

**Statutes**

18 U.S.C. § 1962(a) ..........................................................................3, 6, 7, 8

18 U.S.C. § 1962(b) .................................................................................8

18 U.S.C. § 1962(c) ...........................................................................6, 7, 8

18 U.S.C. § 1962(d) ..............................................................................7, 9

N.Y. GBL § 349...................................................................................9, 10

N.Y. GBL § 350...................................................................................9, 10

**Rules**

Fed. R. Civ. P. § 8...................................................................................2

Fed. R. Civ. P. § 9(b) ........................................................................2, 4, 5, 8

Fed. R. Civ. P. § 11(b) ..............................................................................2

Fed. R. Civ. P. § 12(b)(6)............................................................................1

302354139v.3

Defendants WRE Parent US Holding Corp. Inc. ("WRE Parent"), WRE Management LLC ("WRE Management"), WRE Holding AG ("WRE AG"), Wiederkehr Associates AG ("Wiederkehr Associates"), Gardner Purchaser LLC ("Gardner Purchaser"), Stewart Purchaser LLC ("Stewart Purchaser"), and Philipp Wiederkehr ("Wiederkehr") (collectively, the "Moving Defendants") respectfully submits this Reply Memorandum of Law in Support of their Motion to Dismiss Plaintiffs' Amended Class Action Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Plaintiffs' Opposition to the [Moving] Defendants' … Motion to Dismiss Plaintiffs' Amended Class Action Complaint ("Opposition") (Dkt. 114) does not even attempt to address the fundamental issue with their Supplemental and Amended Class Action Complaint ("Complaint"). Plaintiffs' Opposition, like their Complaint, never explains what the Moving Defendants supposedly did in furtherance of the alleged conspiracy besides own the buildings in which the so-called "Music Defendants" operated a music venue.  That is plainly not enough to satisfy the elements of a claim under either the RICO statute or the New York Deceptive Trade Practices Act. If it were, every landlord could be dragged into court as an unwitting co-conspirator in some invented conspiracy.

Plaintiffs' Opposition effectively concedes that the Moving Defendants had nothing at all to do with the 2023 Electric Zoo Festival (the "Festival").  Plaintiffs instead argue that the Complaint "also includes the Brooklyn Mirage and the Zoo 23 after party venues in the RICO claims." (Dkt. 114, p. 8).  However, again, there are no allegations that the Moving Defendants had anything at all to do with those after parties, aside from owning or managing the property where Avant Gardner LLP ("Avant Gardner") hosted those events.  There is also no allegation that the Moving Defendants received any benefit whatsoever from the imagined conspiracy, beyond

1

the rents to which they were obviously already due.  Plaintiffs merely argue it is sufficient to have

alleged that the Moving Defendants were part of the conspiracy – with no explanation as to why

they might think that to be true.[1]  Because such conclusory allegations are insufficient as a matter

of law, Plaintiffs' Complaint must be dismissed, in its entirety and with prejudice, as against all of

the Moving Defendants.

## **REPLY ARGUMENT**

Plaintiffs' Opposition essentially admits that they have no basis for their claims against

Moving Defendants beyond the conclusory assertions of some grand conspiracy.  Plaintiffs do not

dispute that the Moving Defendants' only connection to the instant lawsuit is that a few of the

entities own and/or manage the property in Brooklyn where unrelated Defendant Avant Gardner

LLP (Avant Gardner) runs a music venue.  As set forth in the Moving Defendants Memorandum

of Law in Support of the instant Motion ("Memorandum"), that is nowhere near enough to state a

claim for relief under either the RICO statute or the New York Deceptive Trade Practices Act.

Accordingly, Plaintiffs do not, and cannot, meet the basic pleading standards under Rule 8 of the

Federal Rules of Civil Procedure – let alone the heightened standards of Rule 9(b) applicable to

Plaintiffs' claims.  Plaintiffs' Reddit-fueled conspiracy theory does not even satisfy counsel's basic

requirements under Rule 11(b).[2]   Notwithstanding, the Moving Defendants will address the

---

[1] At one point, Plaintiffs do argue that "[t]he "Real Estate Defendants" knowingly and willingly
allowed their real property to be used to fraudulently promote and operate events."  (Dkt. 114, p.
12).  The problem with this argument is twofold.  First, it is not alleged anywhere in the Complaint.
Second, Plaintiffs do not and cannot cite any authority for the proposition that every person or
entity that was even possibly aware of the supposed conspiracy is somehow liable for RICO or
Deceptive Trade Practices Act violations.

[2] In this regard, the Moving Defendants note that the only factual support cited by Plaintiffs as a
basis for their allegations are various Reddit posts, including the key allegation about overselling
tickets to the Festival, which was posted by an anonymous individual with the username
"tomfuckinnreilly."  That user has also frequently discussed his illegal drug use, including a

2

specific arguments advanced in Plaintiffs Opposition below.

### I.       Count I Fails to Allege a Plausible Claim for Violation of 18 U.S.C. § 1962(a)

As regards their claims under Section 1962(a), Plaintiffs assert that "[t]he [Complaint]

set[s] forth factual allegations of the investment and reinvestment of the enterprise members into

other different activities and investments," citing paragraphs 30, 33, 34, 41, 42, 49, 50, 56, 58, 66,

70(a)-(e), 91, and 94.  (Dkt. 114, pp. 15-16).  Only one of these paragraphs has anything to do with

the Moving Defendants, paragraph 30, which states, in its entirety:

> Defendant Wiederkehr Real Estate A.G. bought the buildings now occupied by
> Avant Gardner in 2016. At that time, Bildstein and Wiederkehr set up Avant
> Gardner to rent the properties from WRE AG. WRE AG provided Avant Gardner
> with a "Tenant Improvement Allowance" to transform the space into the Avant
> Gardner entertainment complex. Phillip Wiederkehr was quoted in VICE: "the
> investors wanted to diversify and they liked the economics of the entertainment
> business." (April 11, 2017 by Anna Cordero-Rado and Will Caiger-Smith).
> Unknown investors are named herein as Does 1-10.

None of these allegations connect the Moving Defendants in any way to a RICO violation.  All of

the other paragraphs cited concern Avant Gardner's alleged overselling of its events, including the

Festival, to which the Moving Defendants have no alleged connection beyond a few of them

owning or managing the property at which some of Avant Garner's events were held.

Plaintiffs' Opposition next purports to show that Plaintiffs adequately allege a pattern

"predicate acts'" of "racketeering business."  As for the predicate acts, Plaintiffs first assert that

"Movants argue that the SACAC 'fails to sufficiently allege how those alleged operational

practices [alleged at ¶¶33-34] were criminally illegal or what or how any alleged illegal proceeds

were invested into the 2023 Zoo Festival'" (Dkt. 114, p. 16), which is actually a quote from the

Memorandum of Law in Support of the EZ Defendants' Motion to Dismiss Certain Defendants

---

comment that his "go-to level of insobriety for concerts" is "anything from a few drinks to .2 of
molly and a gram of ketamine."  *See* https://www.reddit.com/user/tomfuckinnreilly/.

302354139v.3

and Counts of the Brockmole Complaint" (Dkt. 48, p. 22).  In this regard, it appears that, like their

Complaint, Plaintiffs fail to distinguish between Avant Gardner and the Defendants related to that

entity and the Moving Defendants, who have nothing to do with Avant Gardner's "operational

practices."

Plaintiffs also argue that their fraud allegations are sufficiently pled because "matters

peculiarly within a defendant's knowledge may be pled on information and belief," misleadingly

quoting *First Capital Asset Mgmt. v. Satinwood, Inc.*, 385 F.3d 159 (2d Cir 2004).  (Dkt. 114, p.

9).  The full quote from *First Capital* reads "though it is true that matters peculiarly within a

defendant's knowledge may be pled 'on information and belief,' *this does not mean that those*

*matters may be pled lacking any detail at all.*"  *First Capital,* 385 F.3d at 179 (emphasis added).

Here, Plaintiffs allegations lack any detail at all concerning what role the Moving Defendants had

in the supposed conspiracy or fraud.

Plaintiff also argue that "in 'cases where plaintiffs allege that the mails or wires were

simply used in furtherance of a master plan to defraud,' courts have held that 'particularity as to

the mailings themselves is unnecessary,' since '[o]nce the plaintiff alleges with particularity the

circumstances constituting the fraudulent scheme, neither the reputational interests nor the notice

function served by Rule 9(b) would be advanced in any material way by insisting that a complaint

contain a list of letters or telephone calls.'"  (Dkt. 114, p. 17 (purporting to quote *Angermeir v.*

*Cohen,* 14 F. Supp. 3d 134, 146 (S.D.N.Y. 2014)).  This argument ignores the fact that Plaintiffs

have utterly failed to "allege[] with particularity the circumstances constituting the fraudulent

scheme."  Additionally, the language quoted by Plaintiffs is actually from *Spira v. Nick*, 876 F.

Supp. 553, 559 (S.D.N.Y. 1995), where, unlike here, there were specific allegations regarding the

defendants' participation in the alleged scheme and in the predicate acts.  *See, e.g., Mondelus v.*

4

*August W. Dev., LLC*, No. 19-CV-4832 (LDH) (LB), 2022 U.S. Dist. LEXIS 10734, at *20 (E.D.N.Y. Jan. 20, 2022) (Dismissing RICO claim because "the amended complaint fails entirely to allege Defendant Steinberg's participation in the fraudulent scheme more generally, in any non-conclusory way, or allege his involvement in any of the predicate acts."); *see also Jordan (Berm.) Inv. Co. v Hunter Green Invs. Ltd.*, 154 F. Supp. 2d 682, 692 (S.D.N.Y. 2001) ("[B]ecause the complaint alleges that each of the pre-liquidation acts alleged 'were false and deceptive' …, *Spira* does not apply, Rule 9(b) requires them to be pled with particularity.").

Plaintiffs next assert that "Movants ignore the allegations delineating the separate roles of each group of RICO defendants."  (Dkt. 114, p. 19).  However, the Moving Defendants do not ignore those allegations – they are simply insufficient as a matter of law because they do not describe what role each of the Moving Defendants supposedly had in the alleged conspiracy. Plaintiffs allege that "[t]he Enterprise has a real estate arm," "a music arm," and "an investment arm," but they do not attempt to explain how those "arms" functioned as a cohesive whole.  Rather the Complaint merely lumps all of the Defendants together, calling them an "association-in fact" (Dkt. 23. ¶ 77) and asserting that "[t]he Defendants used and invested the proceeds of racketeering activity in the enterprise by taking the revenues earned from operation of the venues and investing same in concert events and [the Festival] which are part of the enterprise." (Dkt. No. 23, at ¶ 109). There is no allegation that any of the Moving Defendants operated any of the venues, so they clearly could not have invested the proceeds of such operations in future events.

Plaintiffs allege only that the Moving Defendants were landlords or property managers for a building where Avant Gardner, an unrelated entity, held events.  That alone is not sufficient to impose liability for RICO violations – otherwise, every landlord or property manager is potentially an unwitting co-conspirator.

Last, Plaintiffs argue that Plaintiffs' RICO injuries are adequately plead because "Plaintiffs' injuries are axiomatic—the price of the tickets." (Dkt. 114, p. 20). However, Plaintiffs cannot point to a single allegation concerning how the price of tickets sold by Avant Gardner had anything to do with the Moving Defendants. Further, specifically as regards Section 1962(a), there are no allegations that money was put back into the enterprise or that subsequent investment resulted in Plaintiffs injuries. *See, e.g., In re Tether & Bitfinex Crypto Asset Litig.*, 576 F. Supp. 3d at 127 ("Plaintiffs must allege an injury caused by the investment of the racketeering proceeds, and not merely by the predicate acts."); *United States Fire Ins. Co. v. United Limousine Serv.*, 303 F. Supp. 2d 432, 449 (S.D.N.Y. 2004) ("Conclusory allegations that the defendant 'used or invested' the income derived from racketeering in its operations are insufficient."). As previously noted, "the plaintiff [must] allege a 'use or investment' injury that is distinct from the injuries resulting from [the racketeering] predicate acts." *Blue Cross and Blue Shield of New Jersey Inc. v. Philip Morris, Inc.,* 36 F. Supp. 2d 560, 383-384 (E.D.N.Y. 1999). Here, Plaintiffs' Opposition argues that the injury is the cost of the tickets, which is the same purported injury as arose from the deficiently alleged predicate acts. (*See* Dkt. 114, p. 13).

For each of the foregoing further reasons, Plaintiffs purported claim under Section 1962(a) fails as a matter of law and must be dismissed, with prejudice.

## II.    Count II Fails to Allege a Plausible Claim for Violation of 18 U.S.C. § 1962(c)

As regards their Section 1962(c) claim, Plaintiffs Opposition argues that "Defendants contend that the 1962(c) claim must be dismissed for the same reasons that purportedly justifying [*sic*] dismissal of the 1962(a) claims" and that "Movants fail to address any specific allegations and cite only general propositions of 1962(c) law." (Dkt. 114, p. 19). Plaintiffs are correct regarding that, because Plaintiffs rely on the same vague "predicate acts" for both their 1962(a) claim and their Section 1962(c) claim, both claims fail for precisely the same reasons. However,

6

Plaintiffs fail to note that, even if Plaintiffs conclusory allegations regarding acts by the supposed "enterprise" were sufficient to preserve their Section 1962(a) claim, which they are not, Plaintiffs' Section 1962(c) claim must still be dismissed because there are simply no allegations regarding any acts by the Moving Defendants in furtherance of the alleged conspiracy.

"Section 1962(c) makes it 'unlawful for any person employed by or associated with any enterprise … to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity.'" *Smulley v. Fed. Hous. Fin. Agency*, 754 F. App'x 18, 22 (2d Cir. 2018) (quoting 18 U.S.C. § 1962(c)).  "The focus of section 1962(c) is on the individual patterns of racketeering engaged in by a defendant, rather than the collective activities of the members of the enterprise, which are proscribed by section 1962(d)."  *United States v. Persico*, 832 F.2d 705, 714 (2d Cir. 1987), cert. denied, 486 U.S. 1022 (1988).  Accordingly, "[t]he requirements of section 1962(c) must be established as to each individual defendant."  *DeFalco v. Bernas*, 244 F.3d 286, 306 (2d Cir. 2001).  Again, Plaintiffs have not alleged what, if anything, any of the Moving Defendants supposedly did in furtherance of the conspiracy.

For the foregoing further reasons, Plaintiffs purported claim under Section 1962(c) fails as a matter of law and must be dismissed, with prejudice.

## III.    Count III Fails to State a Plausible Claim for Violation of 18 U.S.C. § 1962(d)

As regards their Section 1962(d) claim, Plaintiffs Opposition argues that Plaintiffs' 1962(d) conspiracy claims adequately allege an "agreement" among Defendants because "agreements can be inferred from conduct and general knowledge." (Dkt. 114, pp. 19-20).  In this regard, Plaintiffs quote *United States v. Zichettello*, 208 F.3d 72, 99 (2d Cir. 2000) (quoting *United States v. Rastelli*, 870 F.2d 822, 828 (2d Cir. 1989)) for the proposition that an alleged participant in a conspiracy may be held liable "because 'they know the general nature of the conspiracy and that the

7

conspiracy extends beyond [their] individual roles.'" (Dkt. 114, p. 20). However, in that case, the

Second Circuit also noted that "[i]n applying this analysis, we need inquire only whether an alleged

conspirator knew what the other conspirators 'were up to' or whether the situation would logically

lead an alleged conspirator 'to suspect he was part of a larger enterprise.'" *Id.* (quoting *United*

*States v. Viola*, 35 F.3d 37, 44 (2d Cir. 1994) ("The required nexus between the defendant's acts

and the RICO conspiracy thus protects the defendant from being found guilty based on incidental

or tenuous association with the enterprise and its members.")). Plaintiffs have not alleged anything

beyond conclusory statements regarding how or why the Moving Defendants might have known

anything about the supposed conspiracy. *United States Fire Ins. Co. v. United Limousine Serv.*,

303 F. Supp. 2d 432, 453-54 (S.D.N.Y. 2004) ("Conclusory allegations that 'all of the defendants

conspired among themselves to further the scheme to defraud' and 'knowingly and willingly

participated in the conspiracy' are insufficient." quoting *Adler v. Berg Harmon Assoc.*, 790 F.

Supp. 1222, 1234 (S.D.N.Y. 1992)).

Plaintiffs also cite *Hecht v. Commerce Clearing House, Inc.,* 897 F.2d 21, 25 (2nd Cir.

1990), for the proposition that "Rule 9(b) does not apply to RICO conspiracy charges." (Dkt. 114,

p. 13). However, even in that case the court required that "the complaint must allege some factual

basis for a finding of a conscious agreement among the defendants." *Hecht*, 897 F.2d at 26, n 4.

Accordingly, it dismissed the plaintiff's RICO claim because:

> Hecht did not plead a RICO conspiracy with sufficient particularity. Paragraph 105
> of the complaint alleges that defendants were "conspiring with agents, servants, and
> employees and others to conduct their affairs through a pattern of racketeering
> activity; … [and were] conspiring to violate provisions of [section] 1962(a),[](b)
> and (c)." It does not allege facts implying any agreement involving each of the
> defendants to commit at least two predicate acts. Because the core of a RICO civil
> conspiracy is an agreement to commit predicate acts, a RICO civil conspiracy
> complaint, at the very least, must allege specifically such an agreement.

*Id*. at 25. Again, aside from similar conclusory allegations, the Plaintiffs have not alleged anything

8

which connects any of the Moving Defendants to the alleged conspiracy beyond the mere ownership or maintenance by some of them of a property leased by Avant Gardner.

Plaintiffs also quote *Salinas v. United States,* 522 U.S. 52, 63 (1997) for the proposition that "a 'conspiracy may exist even if a conspirator does not agree to commit or facilitate each and every part of the substantive offense.'" (Dkt. 114, p. 20). However, in *Salinas*, the court also noted that"[t]he partners in the criminal plan must *agree to pursue the same criminal objective* ..." *Salinas,* 522 U.S. 52, 63-64 (1997) (emphasis added). There is no allegation in Plaintiffs' Complaint to even suggest that the Moving Defendants agreed to pursue the same criminal objective. There is no allegation that the Moving Defendants did anything besides owning or managing a building.

For the foregoing further reasons, Plaintiffs purported claim under Section 1962(d) fails as a matter of law and must be dismissed, with prejudice.

## IV.    Count VII Fails to State a Plausible Claim for Violation of N.Y. GBL §349 and 350

Last, Plaintiffs argue that they have adequately stated claims under N.Y. GBL §349 and 350 against the Real Estate Defendants[3] because "Plaintiffs allege affirmative misleading misconduct by Movants." (Dkt. 114, p. 22). However, Plaintiffs do not and cannot point to a single such allegation for their Opposition. Rather, the best that Plaintiffs could possibly muster from their Complaint is the alleged fraudulent concealment by Avant Gardner, which has nothing to do with to the Moving Defendants.

Plaintiffs also fail to even address the Moving Defendants' argument that the Complaint does not contain allegations of consumer-oriented conduct by the Real Estate Defendants. Claims under N.Y. GBL §349 and 350 require consumer-oriented conduct which requires an act to impact

---

[3] This claim is not asserted against the other Moving Defendants.

consumers at-large. *Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v Matthew Bender & Co.*, 37 N.Y.3d 169, 177 (2021). The only alleged act of the Real Estate Defendants is the leasing or managing of a commercial building.

Under New York law, the consumer-oriented element precludes a General Business Law claim based on private contracts, which is the only connection the Real Estate Defendants have to this matter (*i.e.* the contract to lease the property). *Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 N.Y.2d 20, 25-27, 647 N.E.2d 741, 623 N.Y.S.2d 529 (1995). In *Oswego*, the New York Court of Appeals was mindful "of the potential for a tidal wave of litigation against businesses that was not intended by the Legislature" if it allowed for General Business Law claims against businesses for their private contracts. Accordingly, it specifically limited the application of N.Y. GBL §349 and 350 to consumer-oriented conduct. Here, Plaintiffs have plainly not alleged any such conduct by the Moving Defendant.

Plaintiffs similarly ignore Defendants arguments that there are no allegations of any deceptive acts by the Real Estate Defendants. As Plaintiffs themselves made clear in their Complaint, the Real Estate Defendants do not own or operate Avant Gardner or Electric Zoo, they did not sell tickets to Electric Zoo or any other events, they simply own or manage property in Brooklyn that is leased it to Avant Gardner. The supposed deceptive acts by misleading conduct or omissions all pertain to the operation of the Electric Zoo festival or the sale of tickets, things that Plaintiffs' Complaint essentially concedes the Real Estate Defendants are not involved with.

Again, all the Real Estate Defendants are alleged to have done was own or manage the Brooklyn property where Avant Gardner has its music venue. Because there is no allegation that the Real Estate Defendants had anything at all to do with any consumer-oriented conduct or the alleged deceptive acts, the N.Y. GBL claims must be dismissed, with prejudice.

10

302354139v.3

## CONCLUSION

For the reasons set forth in Moving Defendants' Memorandum and those further reasons

set forth herein, Moving Defendants respectfully request the Court dismiss Plaintiffs' Complaint,

in its entirety and with prejudice.

Dated: New York, New York
      October 1, 2024

                           Respectfully submitted:

                           WILSON, ELSER, MOSKOWITZ,
                           EDELMAN & DICKER, LLP


                           */s/ Richard W. Boone Jr.*
                           Richard W. Boone Jr.
                           Kieran R. Lang
                           150 East 42nd Street
                           New York, NY 10017
                           Telephone: (212) 490-3000
                           Fax: (212) 490-3038
                           E-mail: richard.boone@wilsonelser.com
                           E-mail: kieran.lang@wilsonelser.com

                           *Attorneys for Defendants WRE PARENT US*
                           *HOLDING CORP. INC., WRE*
                           *MANAGEMENT LLC, WRE HOLDING AG,*
                           *WIEDERKEHR ASSOCIATES, GARDNER*
                           *PURCHASER LLC, STEWART*
                           *PURCHASER LLC and PHILIPP*
                         *WIEDERKEHR*

302354139v.3