UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BROCKMOLE et al.,

                                    Plaintiffs,                          **ORDER**

                    -against-                                      **23-CV-8106 (MMG) (JW)**

EZ FESTIVALS, LLC et al.,

                                    Defendants.
-----------------------------------------------------------------X
**JENNIFER E. WILLIS, United States Magistrate Judge:**

On April 30, 2026, this Court lifted the stay in this case after the conclusion of bankruptcy proceedings. Dkt. No. 149. Now before this Court is Defendants' motion to stay discovery deadlines while they await a decision on their Motion to Dismiss.[1] Dkt. No. 152. Plaintiffs opposes the stay. Dkt. No. 153. For the following reasons Defendants' motion for a temporary stay of discovery is **GRANTED**.

## LEGAL STANDARD

A district court has discretion to stay discovery pursuant to Rule 26(c), upon a showing of good cause. See Hong Leong Fin. Ltd. v. Pinnacle Performance Ltd., 297 F.R.D. 69, 72 (S.D.N.Y. 2013). "The party seeking a stay of discovery bears the burden of showing good cause. The pendency of a dispositive motion is not, in itself, an automatic ground for a stay." Mirra v. Jordan, No. 15 Civ. 4100 (AT) (KNF), 2016

---

[1] Defendants who moved to stay discovery are EZ Festivals LLC, Avant Gardner LLC, Made Event LLC, Jurgen Bildstein, CityFox, Reynard Productions, and AGDP Holding, Inc. (the "EZ Defendants") and Philip Wiederkehr, Gardner Purchaser LLC, Wiederkehr Associates, Stewart Purchaser LLC, WRE Parent US Holding Corp. Inc., WRE Management LLC, and WRE Holding AG (the "WRE Defendants").

WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016) (internal citations and quotations omitted). Courts consider the following factors when determining whether a stay of discovery is appropriate during the pendency of a dispositive motion: (1) whether the movant has made a strong showing that the non-movant's claim is meritless; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay. See id.

In evaluating whether the movant has made a strong showing that the non-movant's claim is meritless, courts have cautioned that "this factor is not, and should not, be a way to obtain an initial ruling on the viability of Plaintiff's case." Bennett v. Cuomo, No. 22 Civ. 7846 (VSB), 2023 WL 2021560, at *2 (S.D.N.Y. Feb. 15, 2023).

In assessing the breadth of discovery and the burden of responding to it, the question is whether "discovery would reach such wide-breadth that good cause for a stay exists." Bennett, 2023 WL 2021560, at *3 (internal citations and quotations omitted). Courts are more likely to grant a stay in instances where discovery is likely to be "broad and significant," such as when there are many defendants and an array of complex issues. Spinelli v. Nat'l Football League, No. 13 Civ. 7398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015). Courts are less likely to grant a stay in cases where the movant fails to show why discovery would be burdensome or where the resolution of pending motions to dismiss will not meaningfully change the scope or burden of discovery. Bennett, 2023 WL 2021560, at *4.

In determining whether a risk of unfair prejudice to the party opposing the stay exists, the Court must bear in mind that if good cause has not otherwise been

2

shown, "lack of prejudice does not justify a stay." Guiffre v. Maxwell, No. 15 Civ. 7433 (RWS), 2016 WL 254932, at *2 (S.D.N.Y. Jan. 20, 2016).  Importantly, "the passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery." O'Sullivan v. Deutsche Bank AG, No. 17 Civ. 8709 (LTS)(GWG), 2018 WL 1989585, at *9 (S.D.N.Y. Apr. 26, 2018).

## DISCUSSION

### A. Strong Showing That Plaintiff's Claim is Meritless

At this stage, the Court is not ruling on Defendants' Motion to Dismiss. Bennett, 2023 WL 2021560, at *2.  Defendants argue that both the Brockmole and Avchukov Amended Complaints "fail to allege defendant-specific conduct…" among other deficiencies.  Dkt. No. 152 at 2.  In response, Plaintiff filed an Opposition to the Motion to Dismiss arguing Defendants are properly named and asserting that Defendants' other arguments for dismissal are misguided.  Dkt. No. 80.

While it is clear to the Court that "the resolution of the pending motion to dismiss may dispose of the entire action," Psychic Readers Network, Inc. v. A&E Television Networks LLC, No. 24 Civ. 8155 (DEH), 2025 WL 1380956, at *2 (S.D.N.Y. May 13, 2025), the Court cannot conclude that Defendants have made "a strong showing that the plaintiff's claim[s] [are] unmeritorious" against the remaining Defendants given the arguments put forth by Plaintiffs' Opposition. Kaplan v. Lebanese Canadian Bank, SAL, Nos. 08 Civ. 7253, 18 Civ. 12401 (GBD) (KFP), 610

F.Supp.3d 533, 534 (S.D.N.Y. July 7, 2022) (internal citations omitted). Accordingly, this factor weighs against a finding of good cause to stay discovery.

### B. Breadth and Burden of Discovery

Though the breadth of discovery has diminished because Plaintiffs do not intend to pursue claims against debtor Defendants, discovery remains "broad and significant" because there are still many defendants and an array of complex issues outstanding. Spinelli, 2015 WL 7302266, at *2. As Defendants point out "the preparation and production required for depositions[] will certainly be expensive and labor intensive for all parties." Dkt. No. 152 at 3. The burden may be especially high for Defendants because "there are limited funds remaining in the EZ Defendants' D&O insurance policy…" which accounts for the majority of the EZ Defendants' funds to defend this case. Id.

The only response Plaintiffs provide as to the breadth and burden of discovery is that it has "been limited by the Court's efficient scheduling of discovery matters remaining to be completed." Dkt. No. 153 at 2. Based on the discovery deadlines set by the Court prior to the previous stay order, this Court understands that substantial discovery, including the preparation for and completion of depositions, remains. Because the breadth and burden of discovery is high, this factor weighs in favor of a finding of good cause to grant the stay.

### C. Prejudice to Plaintiffs

Plaintiffs respond that their claims "have already been substantially delayed by the bankruptcy stay, and will suffer prejudice with further delay." Dkt. No. 153

at 2. However, Plaintiffs fail to explain with any specificity the prejudice they anticipate they will suffer "beyond the reasonable delay typical in cases where discovery has been stayed pending resolution of a motion to dismiss…" Psychic, 2025 WL 1380956, at *2. Plaintiffs point out that the motion to dismiss has been pending for over a year and there is no reason to suspect a decision is imminent, but the case was stayed pending the conclusion of a bankruptcy proceeding for the majority of that time. Because "the passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery," factor three supports a finding of good cause to grant a stay of discovery. Broccoli v. Ashworth, No. 21 Civ. 6931 (KMK), 2023 WL 6795253, at *2 (S.D.N.Y. Oct. 11, 2023).

## CONCLUSION

The Court finds good cause exists to stay discovery pending the outcome of Defendants' Motion to Dismiss. Accordingly, Defendants' motion to stay discovery pursuant to Fed. R. Civ. P. 26(c) is **GRANTED**.

**The Clerk of Court is respectfully requested to close Dkt. No. 152.**

SO ORDERED.

DATED:     New York, New York
           June 18, 2026

                                        _Jennifer E. Willis_
                                        JENNIFER E. WILLIS
                                        United States Magistrate Judge

5